UNITED STATES v. DEBS et al.

(District Court, N. D. Illinois. January 8, 1895.)

1. OBSTRUCTING THE MAILS—INDICTMENT—FELONY.
    An indictment for obstructing the mails need not allege that the act was done feloniously, since obstructing the mails was not a felony at common law. U. S. v. Staats, 8 How. 41, followed.
2. SAME.
    But it must allege that it was done knowingly, willfully, or unlawfully.
3. SAME.
    Such indictment, which charges the defendants with certain overt acts of retarding mail trains, in pursuance of a conspiracy to retard the mails, need not charge them with having known at the time that the trains carried the mails.
4. SAME.
    Where such indictment alleges that defendants retarded the trains by turning switches and overturning cars upon the track, it need not allege that these acts were not done in the exercise of any lawful right, since they are presumably illegal.
5. SAME—CONSPIRACY—DUPLICITY.
    Where the indictment charges a conspiracy to obstruct the mails, and overt acts in pursuance thereof, it is not restricted to a single overt act, since the gist of the offense is the conspiracy, which is a single offense.

At Law. On motion to quash. Indictment of Eugene V. Debs and others for obstructing the mails.

T. E. Milchrist, Moritz Rosenthal, Asst. U. S. Dist. Atty., and Edwin Walker, for the United States.

John S. Geeting, Col. Harper, and S. S. Gregory, for defendants.

GROSSCUP, District Judge (orally). The indictment charges the defendants with having on the 29th of June, 1894, in this division and district, unlawfully, corruptly, and wickedly conspired and agreed together, and with other persons to the grand jury unknown, to commit an offense against the United States, to wit, knowingly, unlawfully, and willfully to obstruct and retard the mails of the United States, and that, to effectuate the object of such conspiracy, certain of the defendants, on different days subsequent to June 29th, and within

this division and district, unlawfully, knowingly, and willfully did in fact obstruct and retard the mails of the United States. The means whereby such obstruction was brought about are set out in detail. The indictment thus charges a conspiracy, and the overt acts in pursuance of the conspiracy. The defendants now move to quash.

Their first objection to the indictment is that it nowhere charges that the acts done were done "feloniously." This word is one of those legal adjectives that have grown out of the common law criminal procedure. The word itself seems to have no special, inherent meaning. It was held necessary in those indictments which, under the old common law, fell within the classification of felonies. The fact that a crime is not denominated a "felony" does not make the felonious intent indispensable, unless it was one of those felonies that have come over from the common law. No case or statute has been called to my attention which shows that the obstruction of the mails was, under the old procedure, known as a felony. I am of the opinion that it was not, and that, therefore, on the authority of U. S. *v.* Staats, 8 How. 41, irrespective of whether it is a felony now or not, the felonious intent is not indispensable.

The second objection is that the defendants charged with the overt acts of retarding the mail trains are not charged with having known at the time that the trains carried the mails of the United States. It is said that no intent against the mails can be inferred unless the perpetrators had knowledge that the mails were on board the trains obstructed. I do not concur in this view. The defendants are properly chargeable with an intent to do all the acts that are the reasonable and natural consequence of the acts done. The laws make all the railways post routes of the United States, and it is within every one's knowledge that a large proportion of the passenger trains on these roads carry the mails. There is no stretching, therefore, either of law or of common sense, to presume that a person obstructing one of these trains contemplates, among other intents, the obstuction of the mails. This view, I think, is supported by the decision of the supreme court in Coy's Case. 127 U. S. 731. 8 Sup. Ct. 1263. There a conspiracy to affect the election of a member of congress was charged. The indictment, however, did not charge an intent to affect the election of a member of congress, but only an intent to affect the election generally, which embraced state and county officers as well. The court held that a conspiracy with an intent to unlawfully affect elections was itself unlawful, and would therefore be carried over as an intent to do the natural and usual consequence of such an act.

It is next urged that the means of carrying out the conspiracy are not set out, and that, for all the court knows, the obstruction of the mails may have been the result of a lawful exercise of defendants' rights. It is indisputable that, if the obstruction or retarding of the mails was the result of defendants' lawful right to quit the service of the roads, it would not constitute a criminal overt act. But the indictment sets out particularly what the overt acts were, such as the turning of switches, the overturning of railway cars upon

the track, etc. These are so presumably unlawful that the nonexistence of any circumstances that might make them possibly lawful is not an essential averment of the indictment. If such circumstances exist, it will be within the power of the defendants to bring them to the attention of the court on the trial.

Lastly, it is objected that the indictment is not restricted to a single overt act. The gist of the offense is the alleged conspiracy of June 29th to obstruct the mails. That offense is single and distinct. It is not a conspiracy to obstruct the mails upon any given date, or upon any particular road, or by any designated means, but simply a conspiracy to obstruct the mails. Any overt act in effectuation of such conspiracy can be shown. The conspiracy alone is not a crime. An overt act in pursuance is essential, but any overt act that is born of the conspiracy is a sufficient supplement to the conspiracy, and the government has the right to rely upon any or all of such.

For these reasons the motion to quash will be overruled as to all the counts of the indictment, except the third. That count nowhere charges that the overt act was done knowingly, willfully, or unlawfully, and, from all that appears, it might have been the result of an unintentional casualty. To that count the motion will be sustained.