## WORTHINGTON v. UNITED STATES.*

(Circuit Court of Appeals, Seventh Circuit. August 14, 1924. Rehearing Denied September 16, 1924.)

No. 3373.

1. Criminal law ⬅576(8)—Right to speedy trial waived by acquiescence in delay.

If a defendant desires the speedy trial guaranteed him by Const. Amend. 6, it is his duty to ask for it, and acquiescence in delay bars his right to a dismissal on that ground.

2. Conspiracy ⬅43(12), 47—Overt acts not charged may be proved, and will sustain conviction.

Under an indictment for conspiracy to commit an offense, overt acts not charged may be proved, and, if established, will sustain a conviction.

3. Criminal law ⬅1175—Inconsistency in verdict, not prejudicial, not ground for reversal.

An inconsistency in the verdict, in that defendant was not found guilty on counts on which he should have been found guilty, not being prejudicial to defendant, is not ground for reversal.

In Error to the District Court of the United States, for the Eastern Division of the Northern District of Illinois.

Criminal prosecution by the United States against John W. Worthington. Judgment of conviction, and defendant brings error. Affirmed.

Charles P. R. Macaulay and Samuel Block, both of Chicago, Ill., for plaintiff in error.

Harry F. Hamlin, of Chicago, Ill., for the United States.

Before EVANS and PAGE, Circuit Judges, and FITZHENRY, District Judge.

FITZHENRY, District Judge. The indictment in this cause was returned December 10, 1914. It contains seven counts, charging plaintiff in error and two others, McKinnon and Coy, with conspiracy to violate section 215 of the Penal Code (Comp. St. § 10385), and, in the second to seventh counts, inclusive, with having used the mails in furtherance of a scheme to defraud, in violation of the same section. All of the counts, exclusive of the first, charge the substantive crime for overt acts set out in the conspiracy count.

On February 8, 1923, a nolle prosequi was entered as to defendant McKinnon.

*Certiorari denied 45 S. Ct. 125, 69 L. Ed. —.

On December 2, 1922, defendants Worthington and Coy demurred to the indictment. The demurrer was overruled on the following day. On February 8, 1923, the same two defendants filed a plea, alleging that the United States had for more than a reasonable time, to wit, eight years, failed, neglected and omitted to bring the defendants to trial, and failed in any wise during said period to prosecute the cause, and claiming that their right to a speedy trial under the Sixth Amendment to the Constitution had been violated, and prayed judgment if the action be further maintained. Defendants also moved the court to discharge them, and plaintiff demurred to the plea. The demurrer was sustained, and the motion denied. At the conclusion of the evidence on behalf of plaintiff, the court, on motion, instructed the jury to find defendant Coy not guilty, and denied a similar motion on behalf of defendant. At the conclusion of the evidence, defendant renewed his motion for a peremptory instruction, which was denied, and the cause submitted to the jury. The jury returned a verdict finding defendant guilty on counts 1 and 2 and not guilty upon 3 and 4. The record is silent as to the disposition of counts 5, 6, and 7. A motion for a new trial was entered and denied; also, a motion in arrest of judgment. Whereupon defendant was fined and sentenced.

[1] The principal assignment of error is the ruling of the court in refusing to dismiss the defendants upon their plea, and sustaining plaintiff's demurrer thereto. The record fails to show a single effort made by defendant, or any other defendant, to avail himself of a speedy trial. No facts were pleaded bringing the case within the rule requiring a speedy trial; i. e., that the defendant was incarcerated, or, being enlarged, had appeared in open court demanding trial, or otherwise. Defendant's sole reliance was upon the bare fact that the case had not been prosecuted. If the defendant desired a speedy trial, it was his duty to ask for it, and we must assume that it would have been granted, had he made any effort to procure it. His long and uninterrupted acquiescence in the delay bars his right to complain. Phillips v. United States, 201 Fed. 262, 120 C. C. A. 149.

It is insisted that the verdict is inconsistent, and, in support thereof, it is contended that as one of the overt acts charged in furtherance of the conspiracy to defraud was the mailing of a letter to one Trumbo, on January 4, 1912, which is also charged

as an offense in the second count, that if he was not guilty of using the mail in furtherance of a fraudulent scheme by mailing a letter to the same Trumbo on February 26, 1912, as charged in the third count, or by the mailing of the letter to Bigelow on February 13, 1912, as charged in the fourth count, that therefore it was necessarily not a fraudulent use of the mail to send to Trumbo a dividend check, in January, on the stock of the Mercantile Security & Investment Company he had already purchased, the offense charged in the second count. Upon a careful consideration of the record we find ample evidence upon which the jury might find that the conspiracy had been formed, and also that, not only a single act, but many acts, had been committed in furtherance of the object of the conspiracy.

[2] Defendant's line of reasoning, even accepted as contended, could not disturb the finding of the jury as to the conspiracy count. The establishment of the conspiracy is plain; the record is teeming with acts committed in furtherance of the object of the conspiracy, some of which are recited as overt acts in the indictment, and many of which are not, and the jury was not limited to a consideration only of the overt acts charged in the conspiracy count. Overt acts, not charged in the indictment, may be proved on the trial. United States v. Debs (D. C.) 65 Fed. 210; Houston v. United States, 217 Fed. 852, 133 C. C. A. 562. Had the jury found the defendant guilty only as to count 1, and not guilty as to all other counts, still there would have been an abundance of competent evidence of overt acts in the record to sustain that verdict. If we adopted defendant's view as to count 2, it would avail him nothing, as he was fined and sentenced the same on each count, with the provision that a payment of a single fine shall be a satisfaction of both, and the sentences are to run concurrently.

However, count 2 is based upon a letter sent to one Trumbo, by the defendant, through the mail, under date of January 4, 1912, inclosing check No. 54, as the letter said, "being 7 per cent. dividend upon your shares of stock of January 1, 1912. This dividend is allowed from the date your stock was taken out, and of course does not represent a full six months earning." This communication was really what has been termed a "baiting" letter, and when considered with its inclosure and representations, in the light of the nature, character, and financial condition of the Mercantile Secu-

rity & Investment Company, supports a conviction for violation of section 215, supra.

[3] There is ample evidence in the record to sustain a finding of guilty as to counts 3 and 4, but, notwithstanding that fact, the jury found him not guilty as to those counts, and there is an apparent inconsistency in the verdict to that extent, but one not prejudicial to the defendant. The apparent inconsistency of the verdict does not show, as claimed, confusion in the minds of the jury as to either the issues or proof; but, on the contrary, it is apparent that the jury realized the first count was a conspiracy count, and that the crimes charged in the other six counts were predicated upon the same acts recited as overt acts in the conspiracy count. The jury undoubtedly arbitrarily concluded, under all the circumstances, that it was sufficient to find defendant guilty upon the first two counts. Suffice it to say here that there was competent evidence tending to show that defendant was guilty in manner and form as charged in both counts 1 and 2, as the jury found.

The assignment that the trial court erred in admitting in evidence a copy of the account of the Mercantile Security & Investment Company with the American Banking Association cannot be sustained. The proof of the loss, destruction, or unavailability of the original account was ample to make the secondary evidence competent. Other assignments, in so far as they have been appropriately made, cannot be sustained.

The judgment of the District Court is affirmed.