## SMILER v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
January 28, 1928.

Rehearing Denied February 20, 1928.

No. 5077.

1. Bribery ⊝2—Statute punishing acceptance of bribe by government officers held not superseded by later enactment as to internal revenue officers or agents (Cr. Code, § 117 [18 USCA § 207]; 26 USCA § 64).

Criminal Code, § 117 (18 USCA § 207), making it an offense for any officer of the United States or person acting for the government by authority of any department to ask, accept, or receive a bribe to influence his official action, was not superseded as to officers or agents of the Internal Revenue Department by Rev. St. § 3169 (26 USCA § 64; Comp. St. § 5889), which was a later enactment.

2. Bribery ⊝13—Evidence of acceptance of bribe by internal revenue agent to influence action in favor of taxpayer held for jury.

Evidence of guilt of defendant, acting as internal revenue agent, in accepting bribe to influence his action in favor of taxpayer failing to file income tax returns, held for jury.

In Error to the District Court of the United States for the Southern District of Florida; William B. Sheppard, Judge.

Criminal prosecution by the United States against David A. Smiler. Judgment of conviction, and defendant brings error. Affirmed.

Marx G. Sabel and Harry W. Reinstine, both of Jacksonville, Fla. (I. A. Zacharias, M. G. Sabel and Harry W. Reinstine, all of Jacksonville, Fla., and Cyril F. Dos Passos, of New York City, on the brief), for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The indictment in this case charged that the plaintiff in error (herein called the defendant), "while acting on behalf of the United States in an official capacity as an internal revenue agent, appointed as such by the Commissioner of Internal Revenue, on July 1, 1924, with the approval of the Secretary of the Treasury of the United States," asked and received from one Jeff Rigdon $1,000, "with the intent * * * to have his action influenced thereby, in this: That he, the said defendant, in consideration of the payment of said sum of money, would not report * * *

that Jeff Rigdon had failed to file income tax returns for the years 1922 to 1925, inclusive, and had failed to pay to the United States large amounts of income tax, to wit, twenty thousand dollars ($20,000) for and in respect of said years"—the indictment alleging that, prior to asking for and receiving said $1,000, the defendant, while acting as an internal revenue agent in making an examination of the income tax liability of certain taxpayers in the city of St. Petersburg, Fla., received information and learned through said examinations that said Rigdon was a person who was in receipt of a large income on the years 1922 to 1925, inclusive, and that he was a person who, although required by law to make an income tax return for said years, had failed to file income tax returns for said years, and had failed to pay a stated amount of income tax for said years. The indictment was demurred to on the ground, among others, that the facts alleged in the indictment do not constitute the offense of bribery under section 117 of the Criminal Code. A reversal is sought on the grounds that the court erred in overruling the demurrer to the indictment, and in overruling the defendant's motion for a directed verdict of not guilty.

[1] The above-mentioned ground of the demurrer to the indictment was sought to be supported by the contention that section 117 of the Criminal Code (U. S. C. § 207, tit. 18 [18 USCA § 207]), does not apply to internal revenue officers or agents, because, as to such officers or agents, the original statute, which was re-enacted by that section, was repealed or superseded by the later enactment of the statute embodied in section 3169, R. S. (U. S. C. § 64, tit. 26 [26 USCA § 64; Comp. St. § 5889]), making it a criminal offense for such officer or agent to demand or accept any sum of money or other thing of value for the compromise, adjustment, or settlement of any charge or complaint for a violation or alleged violation of law, except, etc. Nothing contained in the last-mentioned statute indicates any intention to repeal or modify in any respect the provision contained in said section 117. The later enacted statute deals with the subject of revenue officers or agents accepting money or other thing of value for the compromise, adjustment, or settlement of any charge or complaint for any violation or alleged violation of law, except, etc., and is entirely consistent with such an officer or agent being also criminally liable for asking, accepting, or receiving money or other thing of value, with intent to have his decision or official action on any question, matter, etc., having no connection with the

compromise, adjustment, or settlement of any charge or complaint, influenced thereby. We conclude that the indictment was not subject to demurrer on the ground urged, and that the court did not err in overruling the demurrer.

[2] It was contended that the motion for a directed verdict of not guilty should have been sustained, because of the absence of evidence tending to prove that at or prior to the alleged acceptance of a bribe by the defendant he was acting on behalf of the United States as a revenue agent, or had learned or been informed of Rigdon's receipt of income, with the result of making him liable for income tax. There was evidence tending to prove that at the time in question the defendant was an internal revenue agent and was acting as such. The testimony of the defendant himself showed that he was informed that Rigdon was a notorious bootlegger, the biggest in St. Petersburg; that he had very good connections, and was reputed to have made a lot of money. Other testimony was to the effect that, after being so informed, defendant talked with Rigdon, stated to him that defendant figured that Rigdon owed the government $22,000 for income taxes for the years 1922, 1923, and 1924, and asked and received from Rigdon $1,000 to forget. We are of opinion that evidence adduced tended to prove the material allegations of the indictment, and that the court did not err in overruling the motion to direct a verdict of not guilty.

The judgment is affirmed.