## UNITED STATES v. PIAZZA.

### No. 270.

Circuit Court of Appeals, Second Circuit.

March 23, 1945.

James F. Ryan, of Brooklyn, N. Y., for appellant.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and J. Wolfe Chassen, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The statute under which the appellant was convicted, 18 U.S.C.A. § 207, makes it an offense for any person acting by authority of any department or office of the Government to ask, accept or receive any money with intent to have his decision on any question pending before him in his official capacity influenced thereby. The appellant was a deputy collector in the office of the Collector of Internal Revenue of the first collection district, Brooklyn, New York, and was assigned to duty in the audit section of the office. To such an official the statute is applicable. McGrath v. United States, 2 Cir., 275 F. 294; Smiler v. United States, 5 Cir., 24 F.2d 22, certiorari denied 277 U.S. 607, 48 S.Ct. 602, 72 L.Ed. 1013. There was testimony that the appellant offered to compromise for $300 a disputed income tax claim he was auditing; that the taxpayer and his attorney agreed to the compromise and said they would send him a check; whereupon he replied: "No check, Mr. Lapham, you bring the $300 in cash on Monday and you come alone." An office rule forbad an auditor to accept cash in payment of taxes and required checks taken in payment to be made payable to the collector of internal revenue. The taxpayer testified that he paid $300 in cash to the appellant, who then made out an amended return and a waiver of assessment of an additional tax in the sum of

$18.62. The appellant took the stand and denied making the statement above quoted and the payment to him of any money. The count upon which he was convicted did not charge him with accepting or receiving money but with asking for it. He does not contend that the crime was not committed if money was asked for with the requisite statutory intent; nor could he successfully so contend. Egan v. United States, 52 App.D.C. 384, 287 F. 958. He urges only that the evidence was insufficient to prove such intent. This contention is wholly without merit. The question of his intent was for the jury. United States v. Levine, 2 Cir., 129 F.2d 745, 748. In our opinion, the inference it drew was not only permissible but inevitable if the testimony as to what he said in asking for it was believed.

Judgment affirmed.