## ALDERMAN v. UNITED STATES.
### No. 9516.

United States Court of Appeals
District of Columbia.

Argued Nov. 17, 1947.

Decided Dec. 31, 1947.

Mr. Curtis P. Mitchell, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

Indicted for housebreaking and grand larceny, James Alderman was convicted by a jury in the District Court of the United States for the District of Columbia. He appeals.

At an early hour in the morning of November 19, 1946, Alderman and a companion, Scott, were arrested on 14th Street between Girard and Harvard Streets as suspects in a rape which had recently been committed in that vicinity. At the approach of the police officers, they left a doorway in which they had been standing and went around a corner. The officers ran through an alley to intercept them, whereupon Alderman and Scott tried to "double back," but were caught and taken to a police station.

After a quarter of an hour of questioning, which began at 9:15 a. m. on the 19th, Scott was held but Alderman was absolved of participation in the rape. During the conversation, however, Scott suggested that Alderman had been involved in housebreakings. Between 11:00 and 12:00 o'clock on the morning of the 19th, Alderman was questioned by an officer of the housebreaking and larceny squad. He was

asked about a tie clasp which had been among the articles stolen from a restaurant at 2605 14th Street, N. W., when the place was burglarized on the previous August 22nd, and which was in his possession or in his room when he was arrested. Alderman admitted that he and another, whom he named, had broken into the restaurant and had stolen the tie clasp and other things which were missing. The restaurant proprietor was called in on November 20th. Alderman made a full and frank disclosure to him of the details of the breaking and the disposition of the loot. He accompanied an officer to his room and pointed out the spoils of other housebreakings, which articles were brought away by the officer.

Alderman was arraigned before a committing magistrate on November 21st and was then formally charged with breaking into and stealing from the restaurant on August 22, 1946.

■ The appellant testified in his own behalf and repudiated the confessions. He had made the statements, he said, under the coercion of physical brutality from the police. The officers denied striking or mistreating him in any way. He relies on the McNabb case[1] in saying his extrajudicial confessions were erroneously admitted in evidence. But the trial court fairly submitted to the jury the question whether Alderman had confessed voluntarily, and there was ample evidence from which that body might conclude, as apparently it did, that the appellant was not abused by the officers, but made his statements freely and voluntarily.

■ Alderman insists, however, that to detain him from the time of his arrest at about 1:00 a. m. on November 19th until November 21st without taking him before a magistrate was a violation of Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, and rendered his confession inadmissible. It will be noted that Alderman confessed the first time between 11:00 o'clock and noon on November 19th, after a brief interrogation. As he had been arrested shortly after 1:00 o'clock a. m. and had been accused of housebreaking by Scott during the interview which began at 9:15 that morning, it cannot be said that his detention until 11:00 a. m. was unreasonable. The subsequent delay of two days before carrying him before a magistrate, even if it were in violation of Rule 5(a), which we do not decide, did not retroactively invalidate the confession made before noon on the 19th. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140. Cf. Boone v. United States, App.D.C., 164 F.2d 102. It should not be necessary to repeat what is so clearly pointed out in the Mitchell and Boone cases, that unreasonable delay, without accompanying aggravating circumstances, in presenting a prisoner to a magistrate (though itself unlawful and inexcusable), does not render inadmissible the prisoner's confession, unless it be found that the disclosure was induced by the detention. It is not here claimed that Alderman's statements were the fruit of detention alone; and his contention that it was aggravated by police brutality which extorted his admissions was submitted to, and rejected by, the jury. He was entitled to no more than to have the jury pass on the conflicting evidence concerning his alleged ill-treatment.

■ Complaint is also made of error in allowing the tie clasp to be introduced as an exhibit. The appellant says the clasp was obtained by an illegal search of his room, but it is not clear from the record whether the clasp was found there or on his person. Even if it was found in his room, there was no error, for the officer testified that the appellant agreed to the search and indeed pointed out stolen articles. These statements were not denied by Alderman.

We find no prejudicial error in the record and so the judgment must be, and is,

Affirmed.

---

[1] McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.