## UNITED STATES v. HOLMES.
### No. 9528.

Circuit Court of Appeals, Third Circuit.
Argued April 6, 1948.
Decided June 18, 1948.

Francis J. Walsh, of Philadelphia, Pa., for appellant.

Thomas J. Curtin, of Philadelphia, Pa., (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for the United States.

Before GOODRICH, McLAUGHLIN and O'CONNELL, Circuit Judges.

O'CONNELL, Circuit Judge.

Defendant, an OPA investigator, was indicted and tried on charges of violating the extortion and bribery statutes.[1] The jury found him not guilty of the former count, but guilty of the latter. Motions for a new trial and in arrest of judgment having been denied, defendant has taken the instant appeal.

The undisputed facts may be outlined as follows: Defendant was assigned to investigate one Seltzer, a retail meat dealer. Detecting what he deemed to be a sale by Seltzer not in accordance with OPA regulations, defendant had a discussion with him. On the following day, defendant submitted a written report of Seltzer's alleged violation. This report was not introduced in evidence, nor did defendant demand its production, although he maintains that it likewise included a notation that Seltzer had attempted to bribe him. Within the next fortnight, the possibility that defendant might accept a bribe from Seltzer came to the attention of defendant's superiors.[2] Seltzer showed $300 in paper currency, which he had borrowed, to two OPA agents who transcribed the serial numbers of the currency. Arrangements were made for these two agents to be in the vicinity when the money was to pass. A few days thereafter, defendant and Seltzer, leaving a taproom together, were accosted by the two agents. In one of defendant's pockets was $300 in paper currency, the serial numbers of which were identical with those previously transcribed by the agents.[3]

About three weeks after the grand jury returned a true bill, defendant filed a motion to quash. The motion alleged in substance that the indictment had been procured through improper testimony and had been prepared in the OPA office. The government's answer denied all the allegations. Hearing was had before Judge Bard about a month after the filing of the motion.

---

[1] Extortion, 18 U.S.C.A. § 171; bribery, 18 U.S.C.A. § 207.

[2] The record is silent as to how this information was obtained, i. e., whether the source was the report, Seltzer, or some third person.

[3] At the trial, defendant testified that he did not accept money from Seltzer, that Seltzer put the money in defendant's pocket, and that one of the agents reached in the pocket for the money. This testimony was diametrically in conflict with that of Seltzer and the agents. The jury verdict disposes of this factual issue.

At the hearing, it developed that defendant's primary objection arose out of the fact that not all persons with information concerning defendant's alleged offense had been called before the grand jury. The government, in reply, pointed out that testimony concerning the grand jury proceedings could not be taken without infringing upon the secrecy of those proceedings. Judge Bard then asked whether the defense had anyone who would swear that no witnesses were called before the grand jury for the return of the indictment. The defense did not. Likewise, the defense could produce nobody ready to aver that all the testimony before the grand jury was hearsay. Judge Bard then took the motion under advisement. Four months later, he denied the motion.

About three months thereafter, defendant filed a plea in abatement. The allegations of the plea were similar to those in the motion to quash, with the addition of averments charging entrapment. The government's answer again denied defendant's allegations. Judge Ganey, after hearing the plea, ordered a continuance.[4] About two years after the plea in abatement had been filed, Judge Ganey denied the plea.

Numerous objections have been raised by defendant in this appeal. We shall consider them seriatim.

A. The validity of the grand jury proceedings.

■ Defendant has renewed his objections to the grand jury proceedings. He does not contend that the grand jury was illegally constituted. Even if we were to assume arguendo that his objections could here properly be raised by a motion to quash,[5] the motion is nevertheless subject to the infirmity that it was denied by the court of first instance, whose exercise of discretion is not reviewable. United States v. Hamilton, 1883, 109 U.S. 63, 3 S.Ct. 9,

27 L.Ed. 857, and see Colbeck v. United States, 7 Cir., 1926, 10 F.2d 401, 402, cert. denied 1926, 271 U.S. 662, 46 S.Ct. 474, 70 L.Ed. 1138, and Sutton v. United States, 9 Cir., 1935, 79 F.2d 863, 864.

■ The plea in abatement alleges substantially the same grounds as the motion to quash. The question of the propriety of going behind an indictment and inquiring as to the character of evidence before a grand jury received exhaustive consideration in Murdick v. United States, 8 Cir. 1926, 15 F.2d 965, 967-969, cert. denied sub nom. Clarey v. United States, 1927, 274 U.S. 752, 47 S.Ct. 765, 71 L.Ed. 1332, in which conclusions we concur. See also Shushan v. United States, 5 Cir., 1941, 117 F.2d 110, 113, cert. denied 1941, 313 U.S. 574, 61 S. Ct. 1085, 85 L.Ed. 1531, rehearing denied 1941, 314 U.S. 706, 62 S.Ct. 53, 86 L.Ed. 564.

In view of the strong caveat against needless intrusion upon the indispensable secrecy of grand jury proceedings enunciated in United States v. Johnson, 1943, 319 U.S. 503, 513, 63 S.Ct. 1233, 87 L.Ed. 1546; and since defendant has produced nothing tending to establish that there was no competent evidence before the grand jury on which to base an indictment; we believe that the district court acted properly in denying both the motion to quash and the plea in abatement.[6]

B. Whether the trial was timely.

■ Defendant asserts that he was deprived of the speedy trial guaranteed by the Sixth Amendment. While three years does seem to us to be a longer period of time than was necessary for the efficient handling of this case, we think defendant can hardly claim that his constitutional privilege was abridged. The lone case which defendant cites in support of his contention, Worthington v. United States, 7 Cir., 1924, 1 F.2d 154, cert. denied, 1924, 266 U.

---

[4] According to the government's brief, defendant secured this continuance so that he might have an opportunity to produce testimony in support of his allegations.

[5] But see United States v. Perlstein, 3 Cir., 1941, 120 F.2d 276, 279, cert. denied 1942, 316 U.S. 678, 62 S.Ct. 1106, in which this court, per Judge Maris, said:

"* * * a motion to quash must be verified, either by facts of record, by admissions of the government, or by affidavits as to the alleged irregularities."

[6] Both the motion to quash and the plea in abatement have been abolished by the new Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687. Rule 12(a), F.R.Crim.Proc.

S. 626, 45 S.Ct. 125, 69 L.Ed. 475, can be of no comfort to defendant. In the Worthington case, 1 F.2d at page 154, the court said, "The record fails to show a single effort made by defendant * * * to avail himself of a speedy trial. No facts were pleaded bringing the case within the rule requiring a speedy trial; i. e., that the defendant was incarcerated, or, being enlarged, had appeared in open court demanding trial, or otherwise. Defendant's sole reliance was upon the bare fact that the case had not been prosecuted. If the defendant desired a speedy trial, it was his duty to ask for it, and we must assume that it would have been granted, had he made any effort to procure it. His long and uninterrupted acquiescence in the delay bars his right to complain." In the complete absence of any indication that the instant defendant was adversely affected in the preparation or prosecution of his defense by the lapse of time in bringing this case to trial, we can see no ground for complaint by defendant on that score.

■ C. Whether defendant could legally commit the crime of which he was convicted.

Defendant has contended that an investigator of the OPA is neither an officer of the United States nor a person acting on behalf of the United States in an official capacity within the meaning of the bribery statute, Criminal Code § 117, 18 U.S.C.A. § 207. The mere recital of this argument is enough to discredit it. If included within this section are prohibition agents, Dropps v. United States, 8 Cir., 1929, 34 F.2d 15, 17, cert. denied 1930, 281 U.S. 720, 50 S.Ct. 236, 74 L.Ed. 1139, deputy internal revenue collectors, United States v. Piazza, 2 Cir., 1945, 148 F.2d 334, and an employee of the Market Administrator for the New York Metropolitan Milk Marketing Area, United States v. Levine, 2 Cir., 1942, 129 F.2d 745, 747, we can see no reason why the statute should not fairly include within its provisions an OPA investigator. We so held in United States v. Marcus, 3 Cir., 1948, 166 F.2d 497.

■ Defendant further urges that he could not be guilty of the crime charged because, prior to receiving the money from Seltzer, he had submitted a report concerning Seltzer's alleged over-ceiling sale, which report was thereafter beyond his control. As the trial judge clearly explained to the jury, however, the turning in of a report by defendant did not eliminate the possibility that he might later be in a position to recommend that proceedings against Seltzer be postponed or dropped entirely, and there was evidence from which the jury could find that he utilized his position for precisely that end. Properly left to the jury, and decided adversely to defendant, was the question whether defendant received the money with intent to influence his future official action. That final disposition of the report rested with someone other than defendant is immaterial. See United States v. Levine, 129 F.2d at page 748.

D. Whether defendant was entrapped.

■ Defendant contends that, since Seltzer had to borrow the $300 and turned over that money to the OPA agents for identification prior to the day when the agents accosted defendant, entrapment exists. It is sufficient to note, however, that the court instructed the jury concisely and adequately concerning the elements of entrapment, and that the jury verdict is dispositive of the issue. See United States v. Brandenburg, 3 Cir., 1947, 162 F.2d 980, 981, 982, cert. denied 1947, 332 U.S. 769, 68 S.Ct. 80.

E. Admissibility of a statement by defendant.

■ Finally, defendant assigns as reversible error the introduction of testimony concerning a statement which he allegedly made. At the trial in the court below, when it became apparent to defendant that the government witness was about to testify as to this statement, defendant interposed the objection that McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, barred the receipt in evidence of any such statement made prior to arrest and hearing before a commissioner. After the court below ruled that the McNabb case did not support defendant's contention, the witness testified that defendant, having first been warned of his constitutional privilege against self-incrimination, voluntarily said he had gotten the money from Seltzer "and

that he wasn't alone in this matter." This version of the events was corroborated by defendant's superior, a subsequent witness.

Defendant later took the stand in his own behalf. Without challenging the testimony concerning his statement, except perhaps by indirection, defendant averred that, when accosted by the OPA agents, he was told he was under arrest; that he told his superior, "I didn't do nothing wrong. I didn't do anything"; that defendant's superior "threatened to bring a marshal up to take me out of there" if defendant did not take action tending to implicate another OPA employee, but that at first he "wouldn't concede to do anything"; and that he was told "not to talk to a soul when you leave this office."

Thus, in a sense, the defense took apparently inconsistent positions: (a) that defendant made the statement under duress, and (b) that defendant did not make the statement to his superior. As to (a), we deem it significant that at no time did defendant deny the government's version of the circumstances leading to the making of the statement. If this evidence is to be given credence, defendant, induced by neither duress nor artifice, voluntarily made the statement. Any undue pressure subsequently exercised upon him to secure his assistance in incriminating another could, of course, have no bearing upon the admissibility in evidence of the free admission he had made previously. There can be no conflict or inconsistency, therefore, between the McNabb decision and the procedure followed in the case at bar. Rather, the circumstances here obtaining come more appropriately within the class of cases exemplified by United States v. Mitchell, 1944, 322 U.S. 65, 67, 70, 64 S.Ct. 896, 88 L.Ed. 1140, rehearing denied 1944, 322 U.S. 770, 64 S.Ct. 1257, 88 L.Ed. 1595; Boone v. United States, App.D.C.1947, 164 F.2d 102, 103; and Alderman v. United States, App. D.C. 1947, 165 F.2d 622. As to (b), it was for the jury to decide how defendant came into possession of the money, and whether defendant or the government witness was to be believed. Under either theory of the defense, consequently, no ground for reversal exists.

In some detail we have reviewed this case. It remains but to say that our review of the record convinces us that defendant had a fair trial in which he was accorded considerable latitude indeed. The verdict that defendant was guilty of bribery being amply supported by the evidence, the judgment will be affirmed.