**UNITED STATES of America**
**v.**
**Lorenzo Michael ALAGIA.**
**Cr. No. 737.**

United States District Court,
D. Delaware.
Feb. 15, 1955.

Leonard G. Hagner, U. S. Atty., and Newton White, Asst. U. S. Atty., Wilmington, Del., for United States.

Oliver v. Suddard (of Wise & Suddard), Wilmington, Del., for defendant.

LEAHY, Chief Judge.

This is a criminal action arising out of an indictment for violation of § 1341, Title 18 U.S.C.—the Mail Fraud Statute. Defendant has filed a motion to dismiss the indictment pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., and because of the deprivation of his right to a speedy trial as embodied in the Sixth Amendment to the Constitution of the United States.

■■■■ Cr.R. 48(b), providing for dismissal of a case for unnecessary delay, is bottomed on the inherent power of a court to dismiss a case for want of prosecution. Thus, defendant's argument, if meritorious, will apply equally to 48(b) or the Sixth Amendment, since under either avenue to relief, the evil complained of is essentially the same: want of prosecution to which the defendant has not contributed. Accordingly, the Court's decision as to defendant's right to a speedy trial under the Sixth Amendment will dispose of his motion under 48(b) as well.

The facts are not in dispute. The Government had full knowledge of the commission of the alleged offense by July of 1950. An indictment was returned by the grand jury in September, 1951, and the arraignment followed in October, 1951. Subsequent to the arraignment, the case lay dormant on the Court's calendar until it was scheduled for trial on December 9, 1954. Further delay resulted by the request of the U. S. Attorney for continuance which was unopposed by defendant. Trial is scheduled for the present term of Court. Decision on defendant's motions must be met before trial.

Leaving aside the hiatus between the Government's knowledge of the offense and its presentation to the grand jury, there was, then, a three year interval between the time of the arraignment and the first date for trial. During this interval neither the U. S. Attorney nor defendant moved for trial. The crucial question to be resolved, therefore, is whether such a delay operated to deprive defendant of his right to a speedy trial.

■■■■ 1. The question of when a defendant has been denied a speedy trial is necessarily a relative one, depending upon the circumstances of the particular case. The role which the defendant himself has played must be scrutinized in the same manner as that of the prosecution. In the instant case, the three year delay was undesirable from the point of justice. But defendant can invoke his constitutional ob-

jection to such a delay only if he has in no manner contributed to the delay himself. Even though neither defendant Alagia nor his counsel have engaged in dilatory tactics, nor attempted in any overt manner to impede the progress of the prosecution, defendant has nevertheless, by his failure to demand trial, impliedly acquiesced in the tardiness of his trial. This view appears to conform with the line of authority collected in 129 A.L.R. 572. While it is true defendant Alagia was confined to the Federal Reformatory at Lewisburg, for an unrelated offense, for a term exceeding a year while the present case was pending in this Court, such a circumstance in itself did not preclude his seeking a trial. At the same time, the Government was not precluded from bringing Alagia to trial if it had wished to do so. As it was pointed out in Frankel v. Woodrough, 8 Cir., 7 F.2d 796, 799: "A prisoner serving sentence for violating a law of the United States is not, during such imprisonment, immune from nor can he be denied the right to trial for other offenses against the United States." It appears neither prosecution nor defendant made any move to bring Alagia to trial while defendant was confined at Lewisburg. Accordingly, the bare fact of his imprisonment does not change the complexion of this case so as to render his position any different from that of a prisoner who was merely released on bail pending trial.

2. In U. S. v. Holmes, 3 Cir., 168 F. 2d 888, the Court of Appeals passed upon the question of speedy trial.[1] Although the defendant in that case had initiated motions which led to the delay and the Holmes case, as a result, is clearly distinguishable from the case now under consideration, the Court's adoption of the following language of Worthington v. U. S., 7 Cir., 1924, 1 F. 2d 154, certiorari denied, 1924, 266 U.S. 626, 45 S.Ct. 125, 69 L.Ed. 475, is significant. " 'The record fails to show a single effort made by defendant * * to avail himself of a speedy trial. No facts were pleaded bringing the case within the rule requiring a speedy trial; i. e., that the defendant was incarcerated, or, being enlarged, had appeared in open court demanding trial, or otherwise. Defendant's sole reliance was upon the bare fact that the case had not been prosecuted. If the defendant desired a speedy trial, it was his duty to ask for it, and we must assume that it would have been granted, had he made any effort to procure it. His long and uninterrupted acquiescence in the delay bars his right to complain.' " [168 F. 2d 891.]

It should be noted the "incarceration" alluded to by the Court in the preceding passage undoubtedly refers to confinement relative to the offense for which trial was sought and not, as is true of the defendant Alagia, to imprisonment for a separate or collateral offense bearing no relation to the offense presently under consideration.

▆ In the light of the Holmes case, I think defendant Alagia has slept too long on his rights to be permitted to seek vacation of the prosecution at this point. The delay in trial does not amount to such a deprivation of defendant's right under the Sixth Amendment as to warrant a dismissal of the prosecution.

---

1. See United States v. Sorrentino, 3 Cir., 175 F.2d 721, where it was held a defendant could waive those rights secured him by the Sixth Amendment, viz., right to trial by jury, the right to a speedy trial, the right to trial in the state and district of the crime, the right to be confronted by witnesses, the right to have the assistance of counsel, and the right to a public trial.