### UNITED STATES of America
### v.
### Sidney STEIN, Alexander Trachtenberg, Marion Bachrach and George Blake Charney, Defendants.

United States District Court
S. D. New York.
July 26, 1955.

J. Edward Lumbard, U. S. Atty., New York, N. Y., David H. Harris, Asst. U. S. Atty., Hackensack, N. J., of counsel, for plaintiff.

Reuben Terris, New York City, for defendant Stein.

BICKS, District Judge.

The defendant Stein has brought on six motions, to wit:

(1) A motion to dismiss the indictment on the ground that the Grand Jury was improperly empanelled. Upon the argument this motion was withdrawn.

(2) A motion for a bill of particulars. An analysis of the particulars demanded reveals that they are substantially similar to those heretofore sought by and denied to other defendants in this case. United States v. Flynn, D.C.S.D. N.Y.1951, 103 F.Supp. 925, affirmed 2 Cir., 216 F.2d 354, certiorari denied 348 U.S. 909, 75 S.Ct. 295. See also United States v. Dennis (sub nom. United States v. Foster), D.C.S.D.N.Y.1948, 80 F.Supp. 479, 486, 2 Cir., 1950, 183 F.2d 201, 1951, 341 U.S. 494, 71 S.Ct. 857, 95

L.Ed. 1137. The defendant misconceives the office of a bill of particulars in a criminal case. It is to apprise the accused of the nature of the charge with such clarity that he may adequately prepare to meet the same at the trial, and also that he may avail himself of a conviction or acquittal in the event a prosecution for the same offense is subsequently initiated, but not to disclose the evidence the Government relies upon to establish the charge. Motion denied.

■ (3) A motion to compel the Government to disclose the names of all witnesses it expects to use at the trial. Save in capital and treason cases the government is under no duty to reveal the names or identities of the witnesses it will call. Federal courts have refused to extend this right to other categories of defendants. Clapp v. United States, 8 Cir., 1927, 18 F.2d 906; Moore v. Aderhold, 10 Cir., 1939, 108 F.2d 729; Jones v. United States, 9 Cir., 1908, 162 F. 417. See also Pre-trial Disclosures in Criminal Cases, 60 Yale Law Review 626, 631.

■ It is urged that the recent recantation by a government witness in a prosecution under the Smith Act points up the desirability of supplying the moving defendant with the names of government witnesses in advance of trial. It is not urged that if the name of the offending witness had been disclosed prior to the trial the defendants would have been in a better position to destroy his credibility. Recantation by witnesses in prosecutions for other crimes is not unheard of and the same contention could be advanced, therefore, with equal force in all prosecutions. Moreover, an application for this relief should not be determined on the assumption that a witness will demean himself in violation of his oath. Motion denied.

■ (4) A motion under Rule 17 (c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to compel pre-trial production of all books, pamphlets, documents and papers presented to the Grand Jury or to be offered in evidence at the trial. Insofar as disclosure of any documentary evidence presented to the Grand Jury is sought, the motion is denied. Secrecy of Grand Jury proceedings may not be violated either directly through inspection of the Grand Jury minutes, United States v. Garsson, D.C. S.D.N.Y.1923, 291 F. 646, 649; United States v. Morse, D.C.S.D.N.Y.1922, 292 F. 273, 278, or indirectly by disclosure of the documentary evidence presented to it. Without regard to whether any of the documents hereinafter described were before the Grand Jury, and without indicating whether they were or were not presented to it, the Government is directed to advise counsel for the moving defendant which of the books, magazines, newspapers, pamphlets, circulars or directives in evidence in United States v. Flynn, supra, it is its present intention to introduce on the trial of said defendant and to specify with sufficient description to make for ready and accurate identification all other books, magazines, newspapers, pamphlets, circulars or directives, if any, which it is its present intention to introduce on the trial as part of its direct case. The term "present intention" refers to the intention of the government representative who will try the case on the date when the data herein directed to be supplied to counsel for the defendant Stein is furnished to him. If between said date and the date the trial commences, said government representative determines that he will offer in evidence, as part of the government's direct case, additional like material, he shall with reasonable promptness so advise counsel for the defendant Stein and furnish him with the same data relating thereto as is herein directed to be supplied with respect to the material which it is his present intention to offer in evidence.

Nothing herein contained, however, shall require the government to specify any of such material if a disclosure thereof will or may identify government informers. Should the government

**20**

claim that any disclosure will have such effect, it shall advise the Court and the Court, in camera, will determine whether such material shall be specified in advance of the trial and how to protect against disclosure of identity of any informers.

■ (5) A motion to dismiss the indictment upon the grounds (i) that the Smith Act, Title 18 U.S.C.A. § 2385, has been repealed by the Communist Control Act of 1954, Title 50 U.S.C.A. § 841–844 which came into effect August 24, 1954, and (ii) that the Smith Act, if not repealed, has been so amended by the Communist Control Act as to make it unconstitutional both on its face and as applied herein in that

(a) it violates the prohibitions of the Constitution of the United States against bills of attainder;

(b) it deprives this defendant of his rights to liberty without due process of law, in violation of the Fifth Amendment of the Constitution of the United States, in that among other things, it withdraws from the jury the power to make findings of fact as to basic elements of the offense charged, and denies to this defendant the right and freedom to prepare his defense, to gather evidence from third persons, to confer with and question possible witnesses or other persons concerning the facts in issue, and to obtain persons willing to testify as witnesses on his behalf, by penalizing such actions by this defendant and others;

(c) it penalizes and deprives this defendant of his right to counsel, in violation of the Sixth Amendment to the Constitution of the United States.

These contentions in haec verba were urged upon Judge Anderson in United States v. Silverman, D.C.Conn., 132 F. Supp. 820, and the brief submitted to him on behalf of the defendant in that case has been submitted to this court by defendant Stein's counsel. Judge Anderson wrote a learned and exhaustive opinion in which he considered and rejected the defendant's views. Motion denied.

■ (6) A motion to dismiss the indictment on the ground that defendant has been denied the right to a speedy trial in violation of the Sixth Amendment to the Constitution of the United States. In issue, of course, is not whether the defendant has a constitutional right to a speedy trial but rather whether, under all the facts and circumstances, that right has been denied to him. A chronology of the events which have transpired since the return of the indictment in this case and the bringing on of this motion will best illume the facts.

June 20, 1951 Indictment in this case returned against 21 defendants. Defendant Stein was not and could not be apprehended until the date hereinafter set forth.

March 31, 1952 Trial of other defendants named in the indictment commenced.

January 21, 1953 Trail above referred to concluded.

August 27, 1953 Defendant Stein apprehended in California on a bench warrant issued out of this court.

August 27, 1953 Defendant Stein arraigned before United States Commissioner in the Northern District of California. Bail fixed in the amount of $100,000 and hearing adjourned at defendant's request to August 31, 1953.

August 31, 1953 Adjourned hearing before aforesaid United States Commissioner. Defendant applied for reduction of bail.

August 31, 1953 Complaint filed in the United States District Court in the Northern District of California charging the defendant with violation of Title 18 U.S.C.A. 3 (accessory after the fact).

August 31, 1953 Arraigned before United States Commissioner on aforesaid complaint. Bail fixed at $35,000 and preliminary hearing postponed to September 14, 1953.

September 1, 1953 Motion for reduction of bail on bench warrant issued out

of this court denied by United States Commissioner and case continued to September 14, 1953.

September 14, 1953 Motion for reduction of bail on bench warrant granted by United States District Judge and bail reduced to $1000. Motion for reduction of bail on aforementioned complaint denied by the United States District Judge.

September 16, 1953 Indictment returned in United States District Court for the Northern District of California charging defendant with violation of Title 18 U.S.C.A. §§ 3, 371 (conspiracy) and 1071 (harboring).

September 18, 1953 Proceedings for the removal of the defendant to the jurisdiction of this court dismissed by the United States Commissioner without objection by defendant's counsel.

October 13, 1953 Application for reduction of bail denied by District Court.

November 5, 1953 Application to the Court of Appeals for the Tenth Circuit for reduction of bail denied.

November 10, 1953 Entered plea of not guilty to aforementioned indictment returned in California District Court.

December 1, 1953 Defendant posted bail and was released.

February 29, 1954 Trial commenced under the California indictment.

April 26, 1954 Trial concluded with jury verdict of guilty.

May 3, 1954 Sentence of three years imposed.

October 14, 1954 Court of Appeals for the Second Circuit affirmed conviction of other defendants who were brought to trial under the indictment in this case.

January 10, 1955 Certiorari denied.

January 31, 1955 Motion for new trial of defendants tried under instant indictment filed.

February 28, 1955 Rehearing denied by Supreme Court.

April 22, 1955 Judge Dimock's opinion filed setting aside conviction of two of defendants tried under the instant indictment by reason of recantation of testimony given by a witness at the trial.

May 20, 1955 Affidavit for writ of habeas corpus ad prosequendum as to defendant Stein filed in this Court.

May 31, 1955 Defendant produced before this court from Leavenworth Prison on writ of habeas corpus ad prosequendum.

June 24, 1955 Instant motion brought on by defendant.

As appears above, defendant Stein was a fugitive from justice for the period June 21, 1951 to August 27, 1953. He cannot be heard to complain now that he was not brought to trial during that period. Four days after he was apprehended, a complaint was filed against him in the District Court for the Northern District of California charging him with being an accessory after the fact. Sixteen days thereafter an indictment was returned against him on the charge contained in the complaint and, in addition, charging him with conspiracy and harboring a fugitive. Two days after the return of the said indictment the proceedings to remove the defendant to the jurisdiction of this court for trial under the instant indictment were dismissed without objection by his counsel. At that point of time defendant stood indicted in this Court and in the United States District Court for the Northern District of California. He was entitled to a speedy trial on each indictment but obviously both trials could not proceed simultaneously. A defendant so circumstanced cannot dictate which of the two indictments should be tried first. Beavers v. Haubert, 198 U.S. 77, 86, 25 S.Ct. 573, 49 L.Ed. 950. The orderly administration of criminal justice leaves that choice with the prosecuting officials to be exercised in good faith. The delay incident to the trial on the California indictment does not give rise to a valid claim

that he was denied a speedy trial on the instant indictment.

The trial of the other defendants on the New York indictment continued for a period of approximately ten months. The appeal from the judgment of conviction was not finally disposed of until February 28, 1955 when the Supreme Court denied a rehearing. But for his own unlawful conduct the defendant could have had a trial with his co-defendants in March 1952. He cannot thwart justice by hiding out until after the trial is over and after the judgment of conviction of his co-defendants has been affirmed, assert for the first time that he was denied a speedy trial. The determination of a prosecuting official to await the outcome of an appeal from a judgment of conviction returned after a ten month trial before proceeding with the trial of a fugitive co-defendant apprehended after conclusion of the trial cannot be characterized as other than reasonable and prudent. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." Beavers v. Haubert, supra, 198 U.S. at page 87, 25 S.Ct. at page 576.

It should be observed that the motion sub judice is to dismiss the indictment—not a demand for a trial. Upon an application for the latter relief a defendant may not be required to establish that delay will be prejudicial in fact. United States v. Provoo, D.C.Md.1955, 17 F.R.D. 183; United States v. McWilliams, 1947, 82 U.S.App.D.C. 259, 163 F.2d 695. A motion to dismiss, however, brings up for review whether the defendant was denied a speedy trial and in deciding that issue the entire factual background is to be reviewed including whether the delay operated to the prejudice of the defendant. In this case no prejudice is apparent; indeed, it is not even intimated by the defendant.

The constitutional guaranty of a speedy trial is a personal right which may be waived and is waived by the accused's failure to demand trial. United States v. Provoo, supra, and cases cited. The defendant Stein has never applied to this Court for a trial as was his duty if he intended to invoke his Sixth Amendment right. United States v. Alagia, D.C.Del.1955, 17 F.R.D. 15; Worthington v. United States, 7 Cir., 1924, 1 F.2d 154, certiorari denied 1924, 266 U.S. 626, 45 S.Ct. 125, 69 L.Ed. 475. Stein's affidavit upon this motion reflects a hope that the United States Attorney would not be "at all anxious nor desirous of bringing [him] to trial on this conspiracy indictment, since [he] would be tried alone"—an expectation perhaps well grounded in view of the length of the trial of the other defendants named in the indictment. The circumstance that a new trial has been granted to two of the defendants who stood trial and were convicted, he suggests, is not sufficient reason why he should be "rush[ed] to trial" with them. He preferred apparently to take the calculated risk that he would not be brought to trial rather than to press for a speedy trial. Had he adopted the latter course, the Court would presumably have set the case for trial or in the alternative ordered its dismissal. Implicit in his choice was the waiver of his right to a speedy trial.

It is not suggested that a fugitive is not entitled to a speedy trial after his apprehension, but "speedy" as used in the context of the Sixth Amendment is not a fixed period of time. Its meaning is relative and depends upon the facts in the particular case under consideration. The delay which ensues or is generated by a defendant's own criminal conduct is not a sufficient predicate upon which to base an assertion that his rights under the Sixth Amendment were violated.

I find that under the facts and circumstances in this case the defendant was not denied a speedy trial and further

that, having failed to make an affirmative request or demand for trial to this Court, it must be presumed that he acquiesced in the delay and, therefore, cannot complain. See Pietch v. United States, 10 Cir., 110 F.2d 817, 129 A.L.R. 563. Motion denied.