### UNITED STATES of America
### v.
### Anthony STRACUZZA, Mario Stracuzza, Dorothy Stracuzza, Max Schaffer, Norman Schaffer, Hyman Karp and Benjamin T. Marco, Defendants.

United States District Court
S. D. New York.
Jan. 20, 1958.

Harris B. Steinberg, New York City, for defendant Hyman Karp.

Paul Rutheiser, New York City, for defendant Benjamin T. Marco.

DAWSON, District Judge.

The defendants Max Schaffer and Norman Schaffer, and Benjamin T. Marco and Hyman Karp, move to dismiss the indictments herein on the ground that their constitutional rights to a speedy trial have been violated.

It appears that the indictments herein were filed on October 20, 1954 and that within a few weeks thereafter the defendants were arraigned and pleaded not guilty to the indictments. On November 9, 1954 the indictments were marked off the trial calendar. The indictments were restored to the trial calendar on January 7, 1958.

The defendants admit that at no time have they heretofore demanded a prompt trial of this matter, nor have they brought on any motion to assure that the matter would come up for a prompt trial. It is certainly true that a three year delay between arraignment and trial is undesirable from the standpoint of justice, but a defendant can invoke his constitutional objection to such delay only if he has in no manner contributed to the delay himself. Where a defendant has acquiesced to the delay by failure to demand trial he has impliedly acquiesced in the tardiness of the trial. United States v. Alagia, D.C. Del.1955, 17 F.R.D. 15.

In the instant case the defendants have slept too long on their rights to be permitted to seek dismissal of the indictments at this time. ·See United States v. Holmes, 3 Cir., 1948, 168 F.2d 888:

"Defendant's sole reliance was upon the bare fact that the case had not been prosecuted. If the defendant desired a speedy trial, it was his duty to ask for it, and we must assume it would have been granted, had he made any effort to procure it. His long and uninter-

Paul W. Williams, U. S. Atty., for the Southern District of New York, John T. Moran, Jr., Asst. U. S. Atty., New York City, of counsel, for the United States.

Bernard L. Baskin, New York City, and Irving W. Coleman, Northampton, Pa.. for defendants Max and Norman Schaffer.

rupted acquiescence in the delay bars his right to complain." At page 891.

See also United States v. Stein, D.C.S. D.N.Y.1955, 18 F.R.D. 17.

■ Defendants have shown no adequate basis for their motion except for the mere passage of time. While defendants allege that it is impossible to gather witnesses who are now scattered, and that the memory of those witnesses may no longer be clear, they have submitted no facts to substantiate these assertions. They have not established what witnesses may be missing and what witnesses may no longer have a memory of the facts to which they may be called upon to testify. The defendant Max Schaffer argues that he is now 68 years of age and therefore not as well able to stand the rigors of trial as he would have been 5 years ago—or even 3 years ago when the indictment was handed down. This is not a sufficient basis for dismissing the indictment. If the defendants had shown that witnesses had actually disappeared or were missing as a result of the delay, or any other facts to show that the passage of time had deprived them of a fair trial the Court would have been more inclined to grant their motion, but in the absence of such facts and in the absence of any effort on the part of the defendants to secure a prompt trial, the motions to dismiss the indictments are denied.

■ The defendant Karp also moves in the alternative for an order granting a separate trial and a severance. The indictment charges a conspiracy and no good grounds are shown in the moving papers for severing the trial of the defendant Karp from that of the co-defendants. This defendant urges that he will be unable to obtain a fair trial if he must face trial in the company of Anthony Stracuzza and Mario Stracuzza who have already pleaded guilty to a separate indictment, and in the company of defendant Marco who has a criminal record. These facts alone are not sufficient to warrant the granting of a severance. To grant a severance would ne-

cessitate two complete trials of the same issues. In the absence of more compelling arguments than the defendant has advanced it would be an imposition upon the Government and upon this Court to require the prosecution to be split into two separate trials. The motion for a severance is denied. So ordered.