336

**UNITED STATES v. BYOIR.**

No. 11260.

Circuit Court of Appeals, Fifth Circuit.

Jan. 29, 1945.

Horace L. Flurry and Earl A. Jinkinson, Sp. Assts. to Atty. Gen., for appellant.

John Touchstone, of Dallas, Tex., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

Carl Byoir and others were indicted for conspiracy in the District Court of the United States for the Northern District of Texas. On Feb. 26, 1944, an order of dismissal on a motion for nolle prosequi was entered by the Court. A prosecution of the same defendants on charges in substance the same was at once commenced by an information based on an affidavit of the district attorney in the District Court for the Eastern District of Illinois. On a warrant issued pursuant to the information Carl Byoir was arrested in New York. He resisted removal for trial, and a hearing was set before the District Judge there, Judge Leibell, on the question whether there was probable cause to believe Byoir guilty. The district attorney's affidavit made as the foundation for the information referred to the evidence produced before the grand jury in its consideration of the Texas indictment, as being in part the source of his knowledge of the facts. Byoir insisted that he should have access to the record of what had transpired before the grand jury to use in the removal hearing. Judge Leibell postponed the removal hearing to permit Byoir to get access, if he could, to the record of the grand jury hearing, without ruling on the admissibility of it in the removal hearing. Byoir thereupon petitioned the District Judge of the Texas court, heading his petition as in the old criminal case there, setting up the situation, and praying that the district attorney be required to permit inspection of the minutes of the grand jury hearing and allow extracts therefrom, or that Byoir be furnished with a copy of the minutes and documents introduced. The United States moved to dismiss the petition as an unwarranted invasion of the secrecy of grand jury proceedings, and a fishing expedition to learn the details of the Government's case. The Texas judge overruled the motion to dismiss, and held he had discretionary power over the record of the grand jury proceedings, notwithstanding the

prosecution in his court was at an end, and he ordered the district attorney of his court, in whose hands the record was, to permit Byoir or his attorneys to examine the grand jury minutes relating to the evidence offered before the grand jury "in so far as the evidence relates or pertains in anywise to the petitioner Carl Byoir"; and that the stenographic reporter who reported and transcribed the proceedings be relieved from his oath of secrecy to that extent, and be permitted to testify to the facts before Judge Leibell, "provided of course Judge Leibell desires to have said evidence".

This order of the Texas judge was appealed from to this court, and a motion made to dismiss the appeal as not from a final order.

 The order is final. It disposes of the contentions of all the parties, leaving nothing else to be decided. The order may need enforcing if not obeyed, but this does not prevent its being a final judgment. This is not like the cases in which orders are made in a pending prosecution in respect of producing or suppressing evidence for that prosecution, which are interlocutory. Here there is no pending prosecution in Texas. The jurisdiction claimed and exercised by the judge is the general right to control the officers and records of his court. There is no further trial to be had in his court. His judgment ends the controversy before him. The motion to dismiss is overruled. See Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 and cases cited; Go-Bart Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374.

On the merits of the appeal, the judge had discretionary authority to permit disclosure of what happened before the grand jury when necessary to advance the cause of justice. It is not clearly apparent how the cause of justice will be advanced here, because we do not see how either the affidavit made in connection with the filing of the information in Illinois, or the proceedings before the Texas grand jury, will be of any importance in the removal hearing in New York. Both seem to us to be mere hearsay, and no evidence of facts going to show probable cause to believe Byoir is guilty. The question is not what the district attorney believed or had heard when he filed the information, nor what was proved or not proved before the

grand jury in Texas, but what original evidence there now is going to show probable cause of guilt. However, the admissibility of the evidence is for Judge Leibell to decide. The order appealed from so recognizes, and seeks to make it available to him if he holds it admissible. The order limits the disclosure to what concerns Byoir, and does not permit a general exploration of the evidence against others. We find no abuse of discretion in thus dealing with the situation. There may be some question as to whether the order means that disclosure by the district attorney, equally with that by the stenographer, is to wait on the ruling of Judge Leibell. We think it should be so understood, but to make it plain we modify it to say expressly that all disclosures provided in it are to be made only if and after Judge Leibell shall hold the evidence sought is relevant and admissible evidence in the proceeding pending before him.

Judgment affirmed.