did not send out the notice to the plaintiff required by Rule 77(d).

While, on the bare record of the court's direction, its communication to the clerk and the clerk's entry in the civil docket, final judgment was entered on July 2, 1958, it appears from other actions of the court, plaintiff's counsel and the clerk, relevant under the rules of the Schaefer case, that none of them considered the direction of the court to be his final act or to constitute his final judgment in the case. Under the rules of the Schaefer case, this means that the notation of July 2 was not a final judgment.

Plaintiff's time to request findings of fact and conclusions of law has therefore not expired. Defendant may serve and file objections and/or counter requests within ten days after the publication of a note of this opinion in the New York Law Journal.

**UNITED STATES of America, Plaintiff,**

v.

**Edward F. SMITH et al., Defendants.**

**Civ. A. Nos. 54 C 1928–54 C 1932.**

United States District Court
N. D. Illinois, E. D.

Oct. 28, 1958.

Robert Tieken, U. S. Atty., Chicago, Ill., for plaintiff.

Nathan M. Cohen, Chicago, Ill., for Balmer.

Lelivelt, Swidler & Saltzberg, Chicago, Ill., for Wesson.

SULLIVAN, Chief Judge.

The motion presently before the court is to require answers to certain interrogatories; but in order to discuss it, a history of the case must come first.

This is a civil action by the United States government to recover damages under the penalty provisions of the Surplus Property Act (40 U.S.C.A. § 489). The gist of the Amended Complaint is that defendants obtained surplus property from the government by various fraudulent devices.

Defendants have filed a motion to dismiss, primarily on the ground that certain evidence had been illegally obtained. The motion asserts that: One of the defendants, Edward F. Smith, had certain books and records in his possession. He was served with a grand jury subpoena demanding his presence with these records. He gave them to an Assistant United States Attorney, and was then not asked to appear before the grand jury. None of the defendants were called to testify before the grand jury, and no indictment was returned against them. The books and records produced, however, were relevant to this civil action. It is defendants' contention that no criminal charge was actually under investigation; and that the grand jury subpoena was only a ruse to obtain evidence for use in a civil proceeding.

Apparently in an attempt to support this motion, the defendants have propounded certain interrogatories which are the subject of the present debate between the parties. The questions relate

to the issuance of the subpoena, and whether or not a Grand Jury was scheduled to meet on the date specified in the subpoena; they also inquire whether any of the defendants actually appeared before a Grand Jury, and if so on what date.

The questions are patently relevant to proof of the charge made by the defendants. The Government's objections to answering them is that the responses would violate the traditional secrecy of grand jury proceedings.

Rule 6(e), F.R.Cr.P., 18 U.S.C.A., expresses the "secrecy" rule; it states that "matters occurring before the grand jury" are protected. The interrogatories here do not venture upon this protected area. Cases such as United States v. Procter & Gamble Co., 1958, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077, relied on by the government must be carefully distinguished. In that and many similar cases, the transcript of the actual testimony before the grand jury was requested. Here, what is being sought is peripheral facts about the grand jury, not what occurred before it. In re Hearings Before Committee, D.C.N.D.Ill.1956, 19 F.R.D. 410, and cases there cited.

■ However, a decision on this ground is not necessary here. Rule 6(e) is in any event not an absolute requirement, but leaves the matter to the discretion of the judge. It has always been recognized that the so-called secrecy of the grand jury is not sacrosanct, but may be lifted when justice so requires. United States v. Remington, 2 Cir., 1951, 191 F.2d 246. Here, defendants have made a serious charge which is important to their defense. The situation is one in which the right of the defendants to investigate the possible misuse of the process of the grand jury is more important than the traditional rule of secrecy. Cf. United States v. Rose, 3 Cir., 1954, 215 F.2d 617.

The plaintiff will be required to answer the interrogatories.