**ARLINGTON GLASS CO., Inc., a corporation, et al., Plaintiffs,**

v.

**PITTSBURGH PLATE GLASS COMPANY, a corporation, et al., Defendants.**

No. 57 C 967.

United States District Court
N. D. of Illinois.
March 4, 1959.

Thomas C. McConnell, W. Donald McSweeney, Chicago, Ill., for plaintiff.

Max Weinberg, Jay L. Olschan, Henry Koven, Howard R. Koven, Paul Homer, Theodore P. Nebel and Lord, Bissell & Brook and Snyder, Chadwell & Fagerburg and Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., for defendants.

ROBSON, District Judge.

This is a civil antitrust suit brought by several independent glazing contractors, who install glass in offices and

stores, against several large manufacturers and distributors, some of whom are alleged to be glazing contractors, for treble damages for violation of the Antitrust Acts, 15 U.S.C.A. § 15.

The Complaint alleges a conspiracy by the defendants in discriminating as to prices between defendants and plaintiffs, charging the latter higher prices and thus preventing plaintiffs from obtaining bids for glazing contracts. The Complaint also charges refusal of defendants to furnish plaintiffs with certain types of glass, such as Thermopane, with which to do certain jobs; and finally, it charges that defendants prevent the influx of lower priced foreign glass, except when defendants' own supply is low.

There is said by defendants to be a "Businessmen's Club" composed of independent glaziers, of whom plaintiffs are some of the members, and defendants claim this Club is really sponsoring this litigation and paying for it, and defendants set forth several letters as indicative of the fact.

The defendants' motion to compel plaintiff Shaffer to answer questions which were propounded of him at the oral examination on deposition on February 4, 1958, and February 11, 1958, which questions he refused to answer on advice of his counsel, pertains to two matters:

(a) the activities of the Club and its members in initiating and supporting this suit as real parties in interest, and

(b) the nature and substance of the testimony of plaintiff Shaffer before the Special Federal Grand Jury of this district, investigating possible antitrust violations in the flat glass industry in the Chicago area during the years 1955 and 1956.

(a) Defendants maintain they are entitled to know the activities and relationship of the Glazing Contractors Businessmen's Club, and its members, in initiating and supporting this suit, as the "real parties in interest," for these reasons: Judge LaBuy has previously denied a motion to quash the portion of the subpoena pertaining to documents concerning that Club and he has therefore impliedly ruled on the matter; and, furthermore, because defendants are entitled to know the "real party in interest," which is the party required by Rule 17 of the Rules of Civil Procedure, 28 U.S.C.A., to bring the suit, and also they need to know the real party in interest in order to have the judgment operate as judgment by estoppel, and to avoid multiplicity of suits.

Conceding, for the purposes of this motion, the inference of a fostering interest of the Club in this litigation, the Court is nevertheless of the opinion that inasmuch as the plaintiffs are the actual parties assertedly injured by the defendants' alleged activities, the defendants may not interrogate as to the Club's connection with the litigation because they are not and could not be, absent injury to the Club, a "real party in interest." Thus, in Northern California Monument Dealers Ass'n v. Interment Association of California, D.C.Cal.1954, 120 F.Supp. 93, the Monument Dealers Association suit for treble damages for alleged violations of the Sherman and Clayton Acts, 15 U.S.C.A. §§ 1, 13, was dismissed because (at page 94)

"As a trade association whose members have allegedly been damaged by violations of the antitrust laws, plaintiff does not itself have any right to relief or cause of action, since *the association is not the 'real party in interest.'* " (Emphasis ours.)

It is, therefore, apparent that the information sought relative to the Club is not predictable on that basis. Also, the ruling of Judge LaBuy on the overruling of the motion to quash the subpoena was not a ruling on the admissibility or relevancy of all possible evidence which might be adduced.

(b) The second matter raised is the right of the defendants to inter-

rogate plaintiff Shaffer concerning his testimony before the Special Federal Grand Jury, impaneled on January 3, 1955, for the purpose of investigating possible antitrust violations, which investigation continued during 1955 and 1956 when the Grand Jury was dismissed without having taken any action to indict anyone.

The test most generally used in determining the need for lifting the cloak of secrecy accorded grand jury proceedings is whether the "interests of justice" require such revelation. This test of "interest of justice" has been applied in United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234, 60 S.Ct. 811, 84 L. Ed. 1129; United States v. Alper, 2 Cir., 1946, 156 F.2d 222; In re Grand Jury Proceedings, D.C.Pa.1933, 4 F.Supp. 283; United States v. Skurla, D.C.Pa. 1954, 126 F.Supp. 711; and Wigmore on Evidence, Vol. VIII, Sec. 2362, p. 724 (3rd Ed.). Furthermore, a "strong and positive showing is required of persons seeking to break the seal of secrecy," (United States v. Brennan, D.C.Minn. 1955, 134 F.Supp. 42, 52), and the safeguard of secrecy continues even after the grand jury has completed its efforts. In the Matter of the April 1956 Term Grand Jury, 7 Cir., 1956, 239 F.2d 263. The "inviolable necessity" for secrecy of grand jury proceedings was pointed out in United States v. Smyth, D.C.Cal.1952, 104 F.Supp. 283. The Court concludes that the circumstances of this case do not require a revelation by plaintiff Shaffer of his testimony theretofore given before the grand jury.

The Court is cognizant of the fact that Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., imposes an oath of secrecy only on specific persons and does not include witnesses in the list, and furthermore, the Advisory Committee's Note to this Rule states "The rule does not impose any *obligation* of secrecy on witnesses." (Emphasis ours.) It was similarly so held in the case of In the Matter of Hearings Before Committee on Banking and Currency of the United States Senate, D.C.Ill.1956, 19 F.R.D. 410. Contra, see United States v. Central Supply Ass'n, D.C.Ohio 1940, 34 F.Supp. 241. The Court is also aware that here the defendants are not seeking to discover as to the *entire* transcript of proceedings before the grand jury, which fact was repeatedly stressed in the Supreme Court decision in United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077. On the other hand, both that decision and many others cite the need for secrecy of grand jury proceedings, even on behalf of witnesses, and even after the grand jury probe has terminated. As the Supreme Court said in the Procter & Gamble case, supra (356 U.S. at page 682, 78 S.Ct. at page 986): "This 'indispensable secrecy of grand jury proceedings,' * * * must not be broken except where there is a compelling necessity." To the same effect, see United States v. Schack, D.C.N.Y.1958, 165 F. Supp. 371.

The Court sees no "compelling necessity" in the disclosure by plaintiff Shaffer of the testimony he gave before the grand jury. Defendants may interrogate plaintiff Shaffer on deposition on all relevant matters raised by the issues of this suit's pleadings, but have no right to make him disclose that which transpired before the grand jury, unless he voluntarily wishes to disclose the same. The Procter & Gamble case, supra, acknowledges the fact that broad as the public policy is for wide discovery, the public policy against disclosure of grand jury proceedings is even stronger.

The motion of defendants to compel answers to questions propounded at deposition of Irwin Shaffer is denied.