UNITED STATES of America

v.

J. TIROCCHI & SONS et al.

UNITED STATES of America

v.

Donald J. BOISVERT et al. (two cases).

Cr. Ind. Nos. 6662, 6664, 6665.

United States District Court
D. Rhode Island.

Sept. 6, 1960.

See also 187 F.Supp. 781, 778.

Joseph Mainelli, U. S. Atty., Providence, R. I., for plaintiff.

Jacob S. Temkin, Benedetto A. Cerilli, Providence, R. I., Amedeo C. Merolla, Samuel A. Olevson, Providence, R. I., of counsel, for defendants.

DAY, District Judge.

The defendant, Vincent Tirocchi, has moved to dismiss each of the above captioned indictments on constitutional grounds. In his motions he alleges in substance that on November 20, 1959 he was arrested on a warrant issued by a United States Commissioner for this District on a complaint charging him with violation of 18 U.S.C.A. § 641; that on said date he was arraigned before said Commissioner and released under bail for his appearance at a hearing on said complaint on December 11, 1959; that on November 24, 1959 a subpoena addressed to "Vincent Tirocchi as President of J. Tirocchi & Sons, Inc." was served on him requiring him to appear on November 30, 1959 and testify before the Grand Jury, and to bring with him certain corporate records, therein described, of said J. Tirocchi & Sons, Inc.; that while said proceeding before said Commissioner was pending he appeared before the Grand Jury in obedience to said subpoena; that at said appearance he was not advised of his rights under the Fifth Amendment to the Constitution of the United States, nor was he asked to execute a waiver of said rights; that at said appearance he was interrogated under oath and compelled to be a witness against himself regarding the subject matter of the above complaint in violation of his rights under said Fifth Amendment, and that on February 9, 1960 each of the above indictments was returned and that each of said indictments relates directly to the subject matter of said complaint filed as aforesaid with said Commissioner and to the matters concerning which he "was compelled by the Grand Jury on November 30, 1959 to be a witness against himself."

This motion is supported by his affidavit dated May 25, 1960 and filed in this Court on the same date. In this affidavit Tirocchi deposes that in obedience to said subpoena he appeared before the Grand Jury with said corporate records on November 30, 1959; that he was not advised of his rights to refuse "to answer any questions" or asked to execute a waiver of his rights in writing, or to waive them orally; that the United States Attorney asked him his name, address, and position with J. Tirocchi & Sons, Inc.; that after the cartons of records which he had produced were opened the United States Attorney, noticing that the bank statement and cancelled checks for the month of October, 1955 were missing, "asked me if I knew where the missing statement and checks were", and asked other questions concerning his activities in connection with the business of said J. Tirocchi & Sons, Inc.; that he answered these questions; and that his appearance before the Grand Jury was not at his request, and only because a subpoena had been served on him.

On May 26, 1960 the United States Attorney filed a counter-affidavit wherein he

denied the truth of certain of the statements of Tirocchi as to what transpired before the Grand Jury.

At the hearing upon the instant motions, it developed that said subpoena was never personally served on Tirocchi. It appears that on November 25, 1959 a Deputy United States Marshal called at the place of business of J. Tirocchi & Sons, Inc., intending to serve said Vincent Tirocchi; that the latter was not on the premises and the subpoena was left with the office manager of J. Tirocchi & Sons, Inc. who later on the same day communicated with Tirocchi and left the subpoena on a desk in the office for him.

At the conclusion of the hearing on the instant motions I reserved decision pending the receipt of briefs by opposing counsel, which have now been filed and considered by me.

In addition, at the suggestion of the United States Attorney, I have read the transcript of the testimony of the defendant before said Grand Jury. This transcript shows that the defendant appeared, identified himself, and was sworn without objection on his part. It further establishes conclusively that the United States Attorney did not question Tirocchi about the whereabouts of any missing bank statements and cancelled checks, and did not question him as to duties or activities in connection with the corporation. Moreover, the transcript shows that Tirocchi disclaimed any personal knowledge of the records and documents produced by him and testified that they were given to him by his attorney for production before the Grand Jury in compliance with the subpoena. In addition, the transcript shows that the United States Attorney did not at any time ask Tirocchi any question, the answer to which might be deemed to be self-incriminating.

Having in mind, as the record shows, that Tirocchi from the date of his arraignment before the Commissioner was represented by able, experienced and resourceful counsel who, according to his testimony before the Grand Jury, furnished him with the records he produced before that body, the conclusion seems inescapable that his appearance before that body was voluntary rather than compulsory. However, in my opinion that question need not be determined.

█ The subpoena directed him in his capacity as President of J. Tirocchi & Sons, Inc. to appear to testify and to produce the corporate records and documents therein described. It is settled beyond doubt that a custodian of corporate records held in a representative capacity may be required to produce them, for no privilege attaches to such records. Curcio v. United States, 1957, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225; United States v. White, 1944, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542; Wilson v. United States, 1911, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Hale v. Henkel, 1906, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652. It is also true that he may be required to identify the records produced by him. Curcio v. United States, supra. Here the United States Attorney did no more than require him to do that. He did not seek, as was done in the Curcio case, to compel the defendant to disclose by his oral testimony the whereabouts of statements and cancelled checks which he did not produce.

In support of his motions defendant cites that line of cases which make a distinction between the rights of a party, on the one hand, and those of a witness, on the other, with respect to his compulsory appearance before a Grand Jury. In other words, some courts have held that until a formal charge is openly made against the accused, such as the filing of a complaint before a magistrate, there is no violation of constitutional rights by eliciting testimony from a person called before a Grand Jury and not previously warned or advised that he has a constitutional right to refuse to answer questions, the answers to which may incriminate him, but that after such a complaint is filed, eliciting testimony from an accused before the Grand Jury without such warning or advice is a violation of his constitutional right and ground for the

dismissal of the consequent indictment against such person. While the soundness of this distinction has been seriously questioned by way of dictum in United States v. Scully, 2 Cir., 1955, 225 F.2d 113, I find it unnecessary here to consider the soundness of this distinction. In each of the cases making this distinction it will be seen that in the proceedings before the Grand Jury a defendant was compelled to produce private, personal records which contained matter that tended to incriminate him or to answer questions the answers to which tended to incriminate him. They are clearly distinguishable on their facts from the instant cases.

■ As hereinbefore pointed out, the prosecutor limited his questions to the authenticity and identification of the corporate records which Tirocchi produced in response to the subpoena. As their custodian he was under a duty to produce them and was properly interrogated as to their authenticity and identity. It may be that the lapse of time between November 30, 1959 and May 25, 1960 (the date of Tirocchi's affidavit) has seriously impaired his recollection of what was asked of him before the Grand Jury. It is obviously far from accurate. In any event, it is clear that his constitutional rights were not violated in any manner. To hold that there was such a violation would be a mockery of justice. In my considered judgment the instant motions to dismiss said indictments are completely devoid of merit.

■ The defendant has also moved that the Grand Jury minutes of the testimony of the defendant be made a part of the record of these cases. This motion is granted, subject to the condition that said minutes shall be placed in an envelope which shall be suitably marked and then sealed and filed with the Clerk of this Court who shall retain the same as a part of the record in these cases. Said envelope shall not be opened except by order of this Court.

In conclusion, said motions to dismiss each of said indictments are denied.