**Application of STATE OF CALIFORNIA to Inspect Grand Jury Subpoenas.**

No. M–2261.

United States District Court E. D. Pennsylvania.

May 11, 1961.

38

Stanley Mosk, Atty. Gen. of State of California, Donald G. Balthis, Philadelphia, Pa., for plaintiff.

Henry W. Sawyer, III, Philadelphia, Pa., for General Electric Co.

Walter F. Mondale, Atty. Gen. of State of Minnesota, Philip H. Strubing, Philadelphia, Pa., for H. K. Porter Co., Hubbard & Co. and Landon Fuller, and others.

McBride, von Moschzisker & Bradley, Philadelphia, Pa., for Westinghouse Electric Co.

Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for Philadelphia Electric Co.

James E. Austin, New York City, for De Laval Steam Turbine Co. and Clyde E. Cromwell.

Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for S & C Electric Co.

Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Allen-Bradley Co. & F. F. Loock.

Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Cutler-Hammer, Inc. and McGraw-Edison Co.

David E. Berger, and Harold E. Kohn, Philadelphia, Pa., for City of Philadelphia as owner of The United Gas Improvement Co. and City of Chicago and Nat'l Institute of Municipal Law Officers.

Joseph W. Burns, Austin, Burns, Appell & Smith, New York City, for Ingersoll-Rand Co.

White & Williams, Philadelphia, Pa., for Wagner Electric Corp.

Jesse Climenko, Gallop, Climenko & Gould, New York City, for Worthington Corp.

Rawle & Henderson, Philadelphia, Pa., for Sangamo Electric Co.

Louis J. Lefkowitz, Atty. Gen. for State of New York, Joseph W. Swain, Jr., Philadelphia, Pa., for Square D Co., Moloney Electric Co. and Lapp Insulator Co., Inc.

Synnestvedt & Lechner, Philadelphia, Pa., for Ohio Brass Co. and The Clark Controller Co. and E. R. Jung.

Philip Price, Philadelphia, Pa., for I-T-E Circuit Breaker Co.

Charles I. Thompson, Jr., Philadelphia, Pa., for C. H. Wheeler Manufacturing Co. and L. G. L. Thomas.

Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Allis-Chalmers Mfg. Co.

GANEY, Chief Judge.

This is a motion for leave to inspect and copy grand jury subpoenas, both *duces tecum* and *ad testificandum*, which arose out of a number of criminal indictments which charged practically all of the leading manufacturers of heavy electrical equipment with violations of the

Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq.

Five separate grand juries, during varying periods of time, heard the evidence, and approximately 440 subpoenas *duces tecum* and approximately 70 subpoenas *ad testificandum* were served. These subpoenas *duces tecum* covered products which were the subject of the various indictments, as well as products which were not the subject of indictment, products, which for all that this court knows, may still be under investigation. A total of approximately 196 individuals were served with either subpoenas *duces tecum* or *ad testificandum*, of which approximately 190 testified before one or more of the grand juries.

These indictments represented the most serious violations of the anti-trust laws since the time of their passage, at the turn of the century, as evidenced by the statement of the Attorney General to the court, "These indictments charge as serious instances of bid-rigging and price-fixing as have been charged in the more than half century life of the Sherman Act." The conspiracies alleged in the various indictments cover virtually the entire country geographically and concerned not only a great number of private utilities, but municipal and state governments, as well as the Government of the United States and involved, during the period covered by the indictments, several billion dollars worth of materials.

In all, there were twenty indictments [1] involving twenty-nine corporate defendants and forty-four individuals, in which all have entered pleas of guilty or *nolo contendere*, as has been indicated.

In addition to the allocation of sales to governmental agencies [2] in some of the cases, all of the indictments involved clear and persistent price fixing activities. The indictments charged frequent and periodic meetings throughout the country among the defendants to discuss and agree upon prices and price changes, to designate which manufacturer would initiate the price change, and to exchange the proposed price lists before adoption. As many as thirty meetings were held among competitors, to dis-

---

1. United States of America
v.

| | |
|---|---|
| General Electric Company, et al. | Cr. No. 20235 |
| I–T–E Circuit Breaker Company, et al. | Cr. No. 20236 |
| Ohio Brass Company, et al. | Cr. No. 20238 |
| McGraw-Edison Company, et al. | Cr. No. 20239 |
| A. B. Chance Company, et al. | Cr. No. 20240 |
| Lapp Insulator Company, Inc., et al. | Cr. No. 20241 |
| Federal Pacific Electric Company, et al. | Cr. No. 20348 |
| H. K. Porter Company, Inc., et al. | Cr. No. 20349 |
| I–T–E Circuit Breaker Company, et al. | Cr. No. 20350 |
| Westinghouse Electric Corporation, et al. | Cr. No. 20361 |
| General Electric Company, et al. | Cr. No. 20362 |
| McGraw-Edison Company, et al. | Cr. No. 20363 |
| Allis-Chalmers Manufacturing Company, et al. | Cr. No. 20364 |
| Allen-Bradley Company, et al. | Cr. No. 20398 |
| Westinghouse Electric Corporation, et al. | Cr. No. 20399 |
| Cutler-Hammer, Inc., et al. | Cr. No. 20400 |
| General Electric Company, et al. | Cr. No. 20401 |
| Foster-Wheeler Corporation, et al. | Cr. No. 20402 |
| Cornell-Dubilier Electric Corporation, et al. | Cr. No. 20488 |
| Sangamo Electric Company, et al. | Cr. No. 20508 |

---

2. Some of the important agencies were: Tennessee Valley Authority, Atomic Energy Commission, United States Army Corps of Engineers, Bonneville Power Administration, United States Department of the Interior, United States Air Force, United States Navy, United States Department of Commerce, and many others.

cuss price policies, as well as to insure that each defendant was maintaining the agreed upon prices in sales to purchasers.

In brief, this motion by the State of California, along with private utilities and others who have joined, including a number of municipalities such as Philadelphia and Chicago, seeks to have the list of witnesses that appeared before the Grand Jury divulged to it, as well as a list of the documents requested by the Government to be inspected by the Grand Jury. The Government does not oppose the proponents of the motion and still retains certain of the information presented to the Grand Jury.

The purpose of this motion is patently clear. California and several other states and municipalities, as well as private utility companies, have allegedly been aggrieved by the price-fixing and bid-rigging alleged in the various indictments. It is virtually conceded that they seek to have this information, that is the names of witnesses and the copying of the various subpoenas for the production of documents before the Grand Jury, for the purpose of bringing civil treble damage actions under the anti-trust laws. The proponents of the motion contend that the obtaining of this information will decrease the amount of work necessary for them to do by way of discovery and will save duplication of expenses. For these reasons, California and others maintain that the public interest will be served in granting the motion. Contra, the opponents feel that it should be denied on several grounds, (1) that the obtaining of such information will encroach on the secrecy of the Grand Jury proceedings, (2) that no special circumstances have been shown to justify such an unusual procedure, and (3) that, in fact, no public interest will be served.

We start out with the general observation that there has been a traditional rule of secrecy surrounding grand jury proceedings in our courts. In Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323, speaking of grand juries, the Supreme Court said: "To make public any part of its proceedings would inevitably detract from its efficacy. Grand jurors would not act with that independence required of an accusatory and inquisitional body." However, it is realized that grand jury testimony and proceedings before it are not inviolate, as was stated in United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 233–234, 60 S.Ct. 811, 849, 84 L.Ed. 1129, "Grand jury testimony is ordinarily confidential * * * but after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." To the same effect are Metzler v. United States, 9 Cir., 64 F.2d 203, 206; United States v. Byoir, 5 Cir., 147 F.2d 336, 337; United States v. Alper, 2 Cir., 156 F.2d 222, 226.

Rule 6(e) of the Federal Rules of Criminal Procedure provides for "Disclosure of matters occurring before the grand jury * * * when so directed by the court preliminarily to or in connection with a judicial proceeding." 18 U.S.C.A. Rule 6(e).

Here, we may draw no narrow technical rule and while the point has been made by the proponents of the motion that these requests are not matters occurring before the grand jury, it seems obvious that the names of witnesses subpoenaed to testify, as well as documents subpoenaed and used by them in their deliberations, are matters "occurring before the grand jury."

█ As was said in United States v. Stein, D.C.S.D.N.Y.1955, 18 F.R.D. 17, 19, reversed on other grounds United States v. Jackson, 2 Cir., 1958, 257 F.2d 830, "Secrecy of Grand Jury proceedings may not be violated either directly through inspection of Grand Jury minutes * * * or indirectly by disclosure of the documentary evidence presented to it." Surely disclosure of the names of the individuals and the documents subpoenaed before them would ultimately end in disclosure of the contents of the documents and that in turn would upset the secrecy of the grand jury.

Our task, therefore, is, as Judge Kirkpatrick stated in In re Grand Jury Proceedings, D.C., 4 F.Supp. 283, at page 285, " * * * the court is called upon to balance two policies, the one requiring secrecy, the other disclosure." In In re April 1956 Term Grand Jury, 7 Cir., 1956, 239 F.2d 263, grant of certiorari vacated and reversed on other grounds United States v. Shotwell Mfg. Co., 1957, 355 U.S. 233, 78 S.Ct. 245, 2 L.Ed.2d 234, the court said:

" * * * persons, non members of the grand jury, thus having access to said records and documents, have no right to use them for any purpose whatsoever except to assist the grand jury in its work. Such persons may not in any manner use these records and documents, or any information acquired therefrom, for any other purpose, and specifically for any civil purpose, such as tax collection or otherwise * * *.

" * * * as far as civil proceedings are concerned, the production of these records and documents pursuant to a grand jury subpoena, if followed by their use in any manner for the purposes of such civil proceeding against petitioners, violates their constitutional rights under the hereinbefore quoted provisions of the Fourth and Fifth Amendments". 239 F.2d at pages 272, 273.

▮ It would seem, therefore, that the long standing policy of the common law for grand jury secrecy should not be breached in this instance. Here, the proponents of the motion are third parties who were not parties to the indictments themselves and are alien to the criminal averments contained therein.

In the balancing of the policies herein adverted to, it would seem that the only reasons for disclosure here are the avoidance of expense and additional work, in order to recoup alleged financial losses in the various civil actions for treble damages. These do not outweigh the policy of secrecy.