See also 211 F.Supp. 712.

**COMMONWEALTH EDISON COMPANY et al., Plaintiffs,**

**v.**

Oct. 30, 1962.

Plaintiffs' counsel:

Charles A. Bane, Robert F. Hanley, Thomas L. Nicholson, Richard E. Powell, Isham, Lincoln & Beale, Max Swiren, Neil Flanagin, Chicago, Ill., for Commonwealth Edison Co., and Commonwealth Edison Co. of Indiana, Inc.

Rodney A. Dunnette, City Atty., Austin, Minn., Seymour F. Simon, Chicago, Ill., for Austin Utilities and City of Austin, Minn.

Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., H. R. Hanley, William G. Porter, Hanley, Costello & Por-

ter, Rapid City, S. D., for Black Hills Power & Light Co.

George H. Jirgal, Chapman & Cutler, Chicago, Ill., for Central Illinois Electric & Gas Co. and Iowa Electric Light & Power Co.

Harry E. Witherell, Davis, Morgan & Witherell, Peoria, Ill., for Central Illinois Light Co.

Ove B. Dendtler, Stevenson, Dendtler & McCabe, Chicago, Ill., for Central Illinois Public Service Co.

John C. Melaniphy, Chicago, Ill. (Seymour F. Simon, Chicago, Ill., Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for City of Chicago, Ill.

Paul C. Holmberg, City Atty., Ernest G. Kroger, Grand Island, Neb., Seymour F. Simon, Chicago, Ill., Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., for City of Grand Island, Neb.

James M. Byrne, Highland, Ill., Seymour F. Simon, Chicago, Ill. (Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for City of Highland, Ill.

W. P. Gilbert, K. F. Montgomery, G. E. Hale, V. T. Squires, Wilson & McIlvaine, Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., for Illinois Power Co.

Seymour F. Simon, Chicago, Ill., Ed. S. Carroll, Independence, Mo. (Gilbert R. Titus, Independence, Mo., Rhyne & Rhyne, Charles S. Rhyne, Washington, D. C., of counsel), for City of Independence, Mo.

Daniel P. Ward, Edward E. Plusdrak, Thomas A. Hett, Chicago, Ill. (Ronald W. Olson, Chicago, Ill., of counsel), for Cook County, Ill.

James O. Smith, Clement F. Springer, Springer & Smith, Chicago, Ill., for Interstate Power Co.

William B. Waterman, Walter S. Rogowski, Davenport, Iowa, for Iowa-Illinois Gas & Electric Co.

Howard A. Steele, Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, Iowa, for Iowa Power & Light Co.

Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., Robert Valentine, Valentine, Greenleaf & Griffing, Centerville, Iowa, for Iowa Southern Utilities Co.

Thomas C. Rose, City Atty., Jacksonville, Ill., Orville N. Foreman, Robinson, Foreman, Rammelkamp, Bradney & Hall, Jacksonville, Ill., Barnabus F. Sears, Lloyd J. Tyler, Jr., Sears, Streit, Tyler & Dreyer, Chicago, Ill., for City of Jacksonville, Ill.

Clemence A. Nordhoff, Jasper, Ind. (Seymour F. Simon, Chicago, Ill., of counsel), for City of Jasper, Ind.

Glen H. Bell, George G. Blake, Aberg, Bell, Blake & Metzner, Madison, Wis., Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., for Lake Superior Dist. Power Co.

Ralph D. Nelson, City Atty., Lincoln, Neb. (Seymour F. Simon, Chicago, Ill., Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for City of Lincoln, Neb.

William T. Rieser, Rieser, Stafford, Rosenbaum & Smith, Madison, Wis., Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., for Madison Gas & Electric Co.

Thomas C. McConnell, Herbert C. Paschen, Francis J. McConnell, Chicago, Ill. (George A. Lane, Chicago, Ill., of counsel), for Metropolitan Sanitary Dist. of Greater Chicago.

John J. Fleming, City Atty., George A. Bowman, Jr., Asst. City Atty., Milwaukee, Wis. (Seymour F. Simon, Chicago, Ill., Rhyne & Rhyne, Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Washington, D. C., of counsel), for City of Milwaukee.

C. J. Rosenberger, Muscatine, Iowa, Seymour F. Simon, Chicago, Ill. (Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for Board of Water and

Light Trustees of City of Muscatine, Iowa.

John C. Lawyer, Lawyer, Friedrich, Petrie & Tweedle, Hammond, Ind., for Northern Indiana Public Service Co.

Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., Donald E. Nelson, Gen. Counsel, N. S. P. Co., Minneapolis, Minn., for Northern States Power Co. (a Minnesota corporation) and Northern States Power Co. (a Wisconsin corporation).

Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., Ralph Mauch, Huron, S. D., for Northwestern Public Service Co.

Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., Cyrus A. Field, Field, Arvesen, Donoho & Lundeen, Fergus Falls, Minn., for Otter Tail Power Co.

Paul G. Jasper, Plainfield, Ind., for Public Service Co. of Indiana, Inc.

Andrew C. Cecere, City Atty., Richmond, Ind., Seymour F. Simon, Chicago, Ill., for City of Richmond, Ind.

I. J. Feuer, Sp. Counsel, Springfield, Ill. (Seymour F. Simon, Chicago, Ill., Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Rhyne & Rhyne, Washington, D. C., of counsel), for City of Springfield, Ill.

J. Weston Miller, Miller, Fairman, Sanford, Carr & Lowther, Ralph E. Hunt, City Atty., Springfield, Mo., Seymour F. Simon, Chicago, Ill. (Charles S. Rhyne, Rhyne & Rhyne, Washington, D. C., of counsel), for City of Springfield, Mo.

James Messer, Jr., City Atty., Tallahassee, Fla. (Seymour F. Simon, Chicago, Ill., Rhyne & Rhyne, Charles S. Rhyne, Brice W. Rhyne, Lenox G. Cooper, Washington, D. C., of counsel), for City of Tallahassee, Fla.

Lee A. Freeman, Sp. Counsel, James J. Costello, Legal Counsel, James E. Harmon, Asst. Legal Counsel, Chicago, Ill., for Board of Trustees of University of Illinois.

Martin R. Paulsen, Van B. Wake, John G. Quale, Paulsen, Wake & Prosser, Milwaukee, Wis. (Richard K. Decker, Lord, Bissell & Brook, Chicago, Ill., of counsel), for Wisconsin Electric Power Co. and Wisconsin Michigan Power Co.

R. J. Sutherland, Ralph E. Axley, Petersen, Sutherland, Axley & Brynelson, Madison, Wis., Robert W. Bergstrom, Bergstrom & Brizius, Chicago, Ill., for Wisconsin Power & Light Co.

William J. Froelich, Jacob I. Grossman, Seymour Tabin, Froelich, Grossman, Teton & Tabin, Chicago, Ill., for Wisconsin Public Service Corp.

William G. Clark, Atty. Gen. of Illinois, Lee A. Freeman, Sp. Asst. Atty. Gen. of Illinois, Edward H. Marsalek, Asst. Atty. Gen. of Illinois, Chicago, Ill., for State of Illinois, for itself, its Agencies and Public Institutions and People of State of Illinois, intervenor-plaintiff.

Defendants' counsel:

Hammond E. Chaffetz, John C. Butler, William H. Van Oosterhout, William R. Jentes, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for Westinghouse Electric Corp.

John T. Chadwell, Richard M. Keck, Snyder, Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., for General Electric Co.

Holmes Baldridge, Stiefel, Greenberg, Burns & Baldridge, Chicago, Ill., for Allis-Chalmers Mfg. Co.

John Paul Stevens, Norman J. Barry, M. I. Mishkin, Richard L. McIntire, Rothschild, Hart, Stevens & Barry, Chicago, Ill., for A. B. Chance Co.

Edward R. Johnston, Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., for Allen-Bradley Co., Clark Controller Co., Cutler-Hammer, Inc., Lapp Insulator Co., McGraw-Edison Co., Ohio Brass Co. and Square D Co.

Charles M. Price, Robert C. Keck, Valentine A. Weber, Jr., MacLeish, Spray, Price & Underwood, Chicago, Ill., for Carrier Corp. and C. H. Wheeler Mfg. Co.

Earl E. Pollock, Frederic S. Lane, Sonnenschein, Lautmann, Levinson, Rieser, Carlin & Nath, Chicago, Ill., Jacob Im-

berman, Proskauer, Rose, Goetz & Mendelsohn, New York City, for Cornell-Dubilier Electric Corp. and Federal Pacific Electric Co.

John Paul Stevens, Norman J. Barry, M. I. Mishkin, Richard L. McIntire, Rothschild, Hart, Stevens & Barry, Chicago, Ill., Lester Kissel, Meyer, Kissel, Matz & Seward, New York City (E. F. Wentworth, Jr., New York City, of counsel), for Foster Wheeler Corp.

Neil McKay, Winston, Strawn, Smith & Patterson, Chicago, Ill., for Hubbard & Co.

Timothy G. Lowry, Owen Rall, Elroy C. Sandquist, Jr., Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., Owen Brooke Rhoads, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for I–T–E Circuit Breaker Co.

Harold T. Halfpenny, Halfpenny, Hahn & Ryan, Chicago, Ill., Joseph W. Burns, Austin, Burns, Appell & Smith, New York City, for Ingersoll-Rand Co.

Roland D. Whitman, Joseph A. Conerty, Ross, McGowan & O'Keefe, Chicago, Ill., for Joslyn Mfg. & Supply Co. and Porcelain Insulator Corp.

Lloyd M. McBride, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for Kuhlman Electric Co.

W. Donald McSweeney, Mitchell S. Rieger, John A. Pigott, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., William H. Ferrell, Keefe, Schlafly, Griesedieck & Ferrell, St. Louis, Mo., for Moloney Electric Co.

Jacob H. Martin, Sydney G. Craig, Martin Bogot, Martin, Craig, Chester & Sonnenschein, Chicago, Ill., for H. K. Porter Co., Inc.

W. Donald McSweeney, Mitchell S. Rieger, John A. Pigott, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., for Sangamo Electric Co.

John Paul Stevens, Norman J. Barry, M. I. Mishkin, Richard L. McIntire, Rothschild, Hart, Stevens & Barry, Chicago, Ill., Norman A. Stoll, Reinhardt, Coblens & Stoll, Portland, Or., for Schwager-Wood Corp.

Edward R. Adams, Miller, Gorham, Wescott & Adams, Chicago, Ill. (Mac Asbill, Sutherland, Asbill & Brennan, Washington, D. C., of counsel), for Southern States, Inc. (f/k/a Southern States Equipment Corp.)

W. Donald McSweeney, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., R. Walston Chubb, Philip A. Maxeiner, Robert S. Allen, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for Wagner Electric Corp.

Brainerd Chapman, Chicago, Ill., Gallop, Climenko & Gould, New York City, for Worthington Corp.

ROBSON, District Judge.

On October 8, 1962, I-T-E Circuit Breaker Company[1] moved for an order of the Court that it need not produce a copy of each of the documents described in paragraph 3(a) of Pre-Trial Order No. 4, (entered September 26, 1962) i. e., documents

" 'produced by such defendant before any Grand Jury in the Eastern District of Pennsylvania in the course of investigations leading to the return of the indictments in that Court in 1960' and lists or other identifying descriptions or subpoenas of such documents referred to in paragraph 3(h) of Pre-Trial Order No. 4."

Paragraph 3(h) covers:

"All existing lists or other identifying descriptions, prepared by any defendant of documents furnished to any officer or agency of the United States or of any state or municipal government in connection with any legislative, administrative or judicial investigation, hearing or proceeding involving the pricing or marketing of the product defined in the complaint and copies of each subpoena and other written request

1. Hereinafter called I-T-E.

pursuant to which such documents were furnished."

The motion is stated to be filed pursuant to paragraph 8 of Pre-Trial Order No. 4 which provides that "Unless otherwise ordered by the District Court for the Northern District of Illinois, defendants shall produce copies of the documents enumerated * * * at the following places and on the following dates: * *"

The basis of the motion is that such an order violates the basic policy calling for the secrecy of grand jury proceedings.[2]

Movant suggests alternative possible interpretations of Pre-Trial Order No. 4, such as requiring production of the specified documents, failure to comply with which would result in the lifting of the stay and the possible imposition of sanctions or that while there be no requirement to produce, there would be a lifting of the stay if production were not made. Because of its doubt as to the proper interpretation of the order, I-T-E seeks in the alternative an order that I-T-E need not now place all its grand jury materials, as such, in the central depository, or, alternatively, enter a finding that Pre-Trial Order No. 4 does not compel it to produce all its grand jury materials, as such without its consent.

It is pointed out by movant that Pre-Trial Order No. 4 was the product of a meeting in the District of Columbia on September 21, 1962 attended by certain members of the judges' committee, lead counsel of plaintiffs and certain defense counsel with nation-wide responsibilities, *including counsel for I-T-E.* It is of significance that the initial recommenda-

tion for the deposit of documents was made by a substantial number of defendants.

I-T-E contends that required production of grand jury documents at this time would violate the policy of grand jury secrecy. (Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Procter & Gamble Co., 356 U.S. 677, 7 S.Ct. 983, 2 L.Ed.2d 1077 (1958)). The documents here encompassed have been held not subject to discovery by subpoena. (In re Application of the State of California, 195 F.Supp. 37 (D.C.Pa., 1961); City of Philadelphia v. Westinghouse Electric Corp., (No. 29810, E.D.Pa., 11/9/61); In re Grand Jury Proceedings, 29 F.R.D. 151 (D.C.Pa., 1961).) No "compelling necessity" has been shown by the plaintiffs for the disclosure. Neither the voluntary production by other defendants, nor the unprecedented number of related antitrust cases justifies, it maintains, the ignoring of well-established principles of law.

It is plaintiffs' position that the category of "grand jury documents" was inserted in Pre-Trial Order No. 4 as a "shorthand description" of documents which plaintiffs should have in connection with the National Deposition Program. They contend that Pre-Trial Order No. 4 does not call for disclosure of matters occurring before the grand jury proscribed by Rule 6(e)[3] of the Federal Rules of Criminal Procedure.

Nor, plaintiffs contend, does the order call for the *actual documents* submitted to the grand jury as in Application of the State of California, 195 F.Supp. 37 (D.C.

2. No grand jury minutes or other grand jury proceedings are here involved.

3. Rule 6(e) provides: "Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or

in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail * * *."

Pa., 1961) and In re Grand Jury Proceedings, 29 F.R.D. 151 (D.C.Pa., 1961), nor attempt to elicit *testimony* given before the grand jury as in Arlington Glass Co. v. Pittsburgh Plate Glass Co., 24 F.R.D. 50 (D.C.N.D.Ill., 1959). Even if the *documents* be deemed grand jury proceedings, they are not necessarily "sacrosanct" and that the policy of secrecy will yield to other considerations. (United States v. Procter & Gamble Co., 356 U.S. 677, 7 S.Ct. 983, 2 L.Ed.2d 1077 (1958); United States v. Smith, 22 F.R. D. 482 (D.C.N.D.Ill., 1958); United States v. Ben Grunstein & Sons Co., 137 F.Supp. 197 (D.C.N.J., 1955); In re Hearings Before Committee on Banking and Currency, United States Senate, 19 F.R.D. 410 (D.C.N.D.Ill., 1956); United States v. Interstate Dress Carriers, Inc., 280 F.2d 52 (C.A.2, 1960)).

■ The legal principles pertaining to the disclosure of grand jury proceedings are fairly well established. Fundamentally, it is established that the secrecy of the proceedings must not be broken

absent compelling necessity.[4] The burden is on the movant to show particularized need[5] or that the ends of justice[6] require the disclosure of grand jury minutes which consideration outweighs the policy of secrecy. The revealing of the proceedings lies in the court's discretion.[7] When the document sought is sought for itself independently rather than because it was displayed to the grand jury, there is no bar of secrecy.[8]

■ It is the Court's considered opinion now, as it was at the time of the entry of Pre-Trial Order No. 4 that the "ends of justice" clearly warrant the directive that copies and lists of documents submitted to the grand jury be placed in the depository by defendants. The very magnitude alone of this related litigation, in number of causes, geographic scope, and diversity, cries out for all possible simplification and unification of procedure wherever it can be devised. As Chief Judge Thomas J. Clary stated in City of Philadelphia v. Westinghouse Electric Corporation et al., decided Oc-

4. United States v. Procter & Gamble Co., 356 U.S. 677, 7 S.Ct. 983, 2 L.Ed.2d 1077 (1958); Blumenfield v. United States, 284 F.2d 47 (C.A.8, 1960); United States v. Magin, 280 F.2d 74 (C.A.7, 1960); United States v. Rose, 215 F.2d 617 (C.A. 3, 1954); In re April 1956 Term Grand Jury, 239 F.2d 263 (C.A.7, 1956); Herman Schwabe, Inc. v. United Shoe Machinery, 21 F.R.D. 233 (D.C.D.C., 1957); United States v. Stein, 18 F.R.D. 17 (D. C.N.Y., 1955); United States v. Killian, 275 F.2d 561 (C.A.7, 1960).

5. United States v. Procter & Gamble, supra; Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Magin, 280 F.2d 74 (C.A.7, 1960); Travis v. United States, 269 F. 2d 928 (C.A.10, 1959); United States v. Brennan, 134 F.Supp. 42 (D.C.Minn., 1955); United States v. Melekh, 193 F. Supp. 586 (D.C.N.D.Ill., 1961); Arlington Plate Glass Co. v. Pittsburgh Plate Glass Co., 24 F.R.D. 50 (D.C.N.D.Ill., 1959); Herman Schwabe, Inc. v. United Shoe Machinery Corp., 21 F.R.D. 233 (D.C.D.C., 1957); United States v. Killian, supra.

6. Pittsburgh Plate Glass Co. v. United States, supra; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); United States v. Rose, 215 F.2d 617 (C.A.3, 1954); Doe v. Rosenberry, 152 F.Supp. 403, aff'd. 255 F.2d 118 (C.A.2, 1958); In re Bullock, 103 F.Supp. 639 (D.C.D.C., 1952); Costello v. United States, 255 F.2d 389 (C.A.8, 1958); United States v. Byoir, 147 F.2d 336 (C.A.5, 1945); Herman Schwabe, Inc. v. United Shoe Machinery Corp., 194 F.Supp. 763 (D.C.Mass., 1958); United States v. Wortman, 26 F.R.D. 183 (D.C.N.D.Ill., 1960); United States v. Alper, 156 F.2d 222, (C.A.2, 1946).

7. United States v. Socony-Vacuum Oil Co., supra; United States v. Reese, 11 F.R.D. 424 (D.C.Pa., 1951); United States v. Papaioanu, 10 F.R.D. 517 (D.C.Del., 1950); United States v. Byoir, supra; United States v. Consolidated Laundries Corp., 291 F.2d 563 (C.A.2, 1961); United States v. Alper, supra.

8. In re Hearings Before Committee on Banking & Currency of the United States Senate, 19 F.R.D. 410 (D.C.N.D.Ill., 1956); cf. United States v. Stein, 18 F.R.D. 17 (D.C.N.Y., 1955).

tober 23, 1962: "The unique nature of these cases and this program of discovery must be given considerable weight."

There was held in the District of Columbia a committee meeting and hearing with lead counsel for plaintiffs and defendants at which the advisability, justification, and the method of deposit were fully and carefully considered, and at which movant was represented. No substantial objection is now raised which has not heretofore been presented and studied. Furthermore, I-T-E is the only one of the many defendants who has seen fit to assail this order.

The Court can see no harm [9] befalling I-T-E from a deposit of the designated documents in view of the fact that protection of "privileged" material is specifically afforded by the Pre-Trial Order No. 4, in that documents "with respect to which privilege is claimed shall be deposited under seal and may not be inspected except upon order of the District Court. * * *" (¶ 6) [10]

Chief Judge Clary on October 23, 1962, in City of Philadelphia v. Westinghouse Electric Corporation, et al., announced an opinion on a related subject, a motion for the production of the transcript of the testimony of A. C. Allen before the Grand Jury. Mr. Allen was being deposed as the first witness in the national deposition program. Chief Judge Clary held, firstly, that the Court had the power, in taking the testimony of a witness in civil litigation, to order disclosure to non-government litigants of the testimony previously given by that witness on the same subject matter to a Federal Grand Jury. Then he examined the grand jury transcript in camera and concluded that its disclosure should not be ordered in view of the availability of the witness's own summary of his grand jury testimony, absent which disclosure might have been "advisable." He did not rule out "production where, in camera examination by a deposition the Judge uncovers material discrepancy or significant facts which the witness concealed or failed to remember at his deposition." Chief Judge Clary also pointed out that only *one* of the five generally stated reasons for the existence of the secrecy of grand jury proceedings still remains, i. e., "To encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes," the indictment having been an accomplished fact.

The comment of the Second Circuit Court of Appeals is interesting and enlightening in United States v. Interstate Dress Carriers, Inc., 280 F.2d 52, at p. 54 (C.A.2, 1960):

"[T]he Rule [6] is intended only to protect against disclosure of what is said or what takes place in the grand jury room. Documents as well as oral testimony of course may come within its proscription against disclosure. * * * However, it is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury. Thus, *when testimony or data is sought for its own sake—for its intrinsic value in the furtherance of a lawful investigation—rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury * * *.* In the present case the inspection sought by the ICC will in no way im-

9. One factor "in the evaluation of the need for disclosure." (Chief Judge Clary, speaking in the City of Philadelphia case, supra.)

10. In United States v. J. Tirocchi & Sons, 187 F.Supp. 785 (D.C.R.I., 1960) grand jury minutes were ordered deposited, sealed and not to be opened except by order of court. In fact, by agreement of counsel for plaintiffs and defendants there has been a "protective order" entered October 26, 1962, according confidential treatment to certain documents required by Pre-trial Order No. 4, to be produced and deposited in the depository located in the Northern District of Illinois, as to documents to be deposited by General Electric Company.

pinge upon the secrecy of the grand jury's deliberations. The representatives of the ICC do not seek to learn what use the grand jury has made of the appellant's records. They wish only to inspect and copy the records, which happen to be in the control of the grand jury * *. No question of the 'disclosure of matters occurring before the grand jury' is therefore involved and Rule 6(e) does not prohibit the examination."

The stature of the instant situation is vastly different from that presented to Chief Judge Ganey in the case of In re Application of State of California to Inspect Grand Jury Subpoenas, 195 F.Supp. 37 (Pa., 1961). The several applicants in that cause sought *before* institution of suits, a list of witnesses appearing before the Grand Jury, as well as a list of the documents requested by the Government. He notes there were five separate grand juries with approximately 440 subpoenas *duces tecum* and some 70 subpoenas *ad testificandum*, with 196 individuals served with subpoenas and 190 testifying. He states that the purpose of seeking the information is for the bringing of civil treble damage actions, and to decrease the amount of discovery work.

This motion is made long after the bringing of the suits, by only *one* party for a reconsideration of an order overwhelmingly acceptable to the remaining very numerous, parties, and having but limited application even as to movant.

The extreme exigencies of this tremendously involved litigation [11] bottomed both the Court's and the parties', plaintiffs' and defendants' determination that the provision of Pre-Trial Order No. 4, directing the deposit of the grand jury documents which only the defendant I-T-E belatedly now seeks to challenge, was the only expedient solution to the otherwise inevitable maze of discovery motions.

11. I-T-E alone is involved in more than 300 cases over the nation, and over *50* in this very district. The advantage of a single order of production, as opposed

Finally, the fact is that Pre-Trial Order No. 4 does not require any defendant to deposit the specified documents, simply providing that failure to do so results in the lifting of the stay order.

The Court concludes that the directive of Pre-Trial Order No. 4 is soundly premised in view of all the above enumerated factors; the motion of I-T-E is therefore denied.

to the multiplicity which would have been required if Pre-Trial Order No. 4 were not utilized is readily apparent.